Continental Casualty Company, Plaintiff-Appellant, v. Hartford Accident & Indemnity Company, Defendant-Appellee.

Gen. No. 48,102.

First District, Third Division.

December 14, 1960.

Vincent J. Biskupic, of Chicago, for appellant.

Frank Glazer, of Chicago (Michael J. Bucko, of counsel) for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Continental Casualty Company brought this action against Hartford Accident and Indemnity Company seeking reimbursement for a settlement it had made to a person injured in an automobile accident. Hartford's motion to strike the statement of claim and to dismiss was sustained on the doctrine of forum non conveniens. Continental appeals from that order.

The accident occurred in Detroit, Michigan in 1953. The injured pedestrian resided in Detroit and the driver, Nicholas Metz, lived in Dayton, Ohio. Metz, an employee of Chrysler Corporation, was driving an auto rented from Hertz Stations, Inc., of Detroit. Hertz had an insurance policy with Continental which covered those who rented its cars, but the policy was limited to the liability over and above any other insurance carried by, or on behalf of, each driver. After making a settlement of $3,500.00 on behalf of Hertz in 1955, Continental learned that Metz was protected by a primary liability policy issued by Hartford to Chrysler which covered Chrysler employees. This suit followed in 1959.

The statement of claim alleged that both Continental and Hartford did business in Illinois and Michigan. During the hearing upon the motion to strike it was stated, and not contradicted, that the only witnesses to the accident were the driver and the pedestrian. It was also brought out that the Continental home office is in Chicago, that its policy was written in Michigan and Hartford's was written in Ohio. In addition to these facts this court recognizes that both companies do extensive business in this community, that Con-

tinental has a large office building in Chicago bearing its name and that Hartford is now constructing a similar one of its own.

The motion to strike was two-pronged. One point, not ruled upon by the court, was that the statement of claim failed to state a cause of action because it did not show that a final adjudication had been made determining either liability or damages. The other was as follows:

> "1. That all parties involved in this law suit together with the situs of the contract and the situs of the accident that is the basis for the law suit, all do business or reside in the City of Detroit, State of Michigan.

> "2. That said law suit should be filed in the above noted City and State on the basis of Forum Non-Convenience."

■ The motion was deficient in detail; none of the factors deemed essential by our courts were averred. It supplied no information as to what hardship would be encountered by Hartford if the case were tried in Chicago and made no showing that the suit was filed in Chicago to harass the defendant. In Cotton v. Louisville & N. R. Co., 14 Ill. 2d 144, 168, 152 N.E.2d 385, the Supreme Court, in commenting on a motion to dismiss for forum non conveniens which had been filed in a suit in the City Court of East St. Louis, said:

> "As we have heretofore noted, the motion filed by the defendant herein simply stated, 'Defendant will present the testimony of eight occurrence witnesses, all of whom live at or near Covington, Kentucky, which is 338 miles by railroad and 346 by highway from East St. Louis. Defendant will present the testimony of three doctors together

179

with hospital records, all of whom live at Covington, Kentucky, or Cincinnnati, Ohio.' The defendant's motion to dismiss on the basis of forum non conveniens was clearly insufficient."

It will be noted that the motion held insufficient in the Cotton case was more specific than Hartford's motion in the present case.

From the pleadings and the additional information brought out at the hearing, it appears that Hartford would be faced with less inconvenience than would Continental if the suit were tried in the Municipal Court of Chicago. If the non-adjudication point in Hartford's motion is overruled, the first issue between the parties would be one of law: does Continental have the right to reimbursement or contribution under the respective policies, if the settlement was made prior to a suit being filed, and if made without Hartford participating in the investigation of the accident, or having knowledge of or consenting to the settlement negotiations? If the legal issue is decided unfavorably to Hartford and the case proceeds, it may be necessary for Continental to bring the pedestrian from Michigan and the driver from Ohio to establish the accident, the liability and the reasonableness of the settlement. Not only would the initial burden be Continental's, but conceivably there would be no burden upon Hartford at all, since there is nothing in the record to indicate that there were additional eye-witnesses to the accident or that other witnesses would be necessary.

 A motion for dismissal under the doctrine of forum non conveniens is directed to the discretion of the court, but that discretion must be exercised within the limitations set by our courts. We believe that the defendant's motion was so inadequate that no latitude was given the court within which its discretionary power could be exercised.

180

The order of the Municipal Court striking the statement of claim and dismissing the suit will be reversed.

Reversed.

SCHWARTZ, P. J. and McCORMICK, J., concur.