**Elwyn L. Cady, Plaintiff-Appellant, v. Hartford Fire Insurance Co., a Corporation, Defendant-Appellee.**

**Gen. No. 50,103.**

First District, Third Division.

February 25, 1965.

Elwyn L. Cady, Jr., of Kansas City, Missouri and Anthony A. DiGrazia, of Chicago, for appellant.

Frank Glazer, of Chicago, for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

■ This is the second appeal in this case. The first was from an order dismissing the plaintiff's complaint. This court held that the order was not a final one from which an appeal could lie. Cady v. Hartford Fire Ins. Co., 39 Ill App2d 494, 189 NE2d 21. The plaintiff returned to the trial court and filed another complaint which was also dismissed but this time the order dismissed both the complaint and the cause of action. This is a final order from which an appeal can properly be taken.

In our first opinion we summarized the plaintiff's allegations as follows:

"The complaint alleged in substance that the plaintiff, a Missouri resident, had entered into an insurance contract on October 1, 1959 with the defendant, and that the insurance policy afforded the plaintiff protection for certain buildings from damages occasioned by windstorm and hail. He further alleged that on June 29, 1960, while the policy was still in full force and effect, a storm damaged and partially destroyed his insured buildings, resulting in damages of $3,500. The plaintiff also alleged that pursuant to certain Missouri statutes, he elected to have the defendant repair the buildings, and that the defendant disclaimed liability and refused. The plaintiff claimed that the defendant's failure to perform was vexatious and unjustified, and sought to invoke another Missouri statute entitling the plaintiff to attorney's fees. He prayed for $3,500 compensatory damages, $35,000 punitive damages, plus interest and costs. In the alternative the plaintiff sought an order of specific performance of statutory obligations to repair."

431

The second complaint is almost identical with the first, including the plea for specific performance under the provisions of the Missouri statute which grants the insured the option of accepting a sum of money equal to the damage done to the property or of requiring the insurer to repair the damage to the extent of the policy limits. Missouri RS, 1959, sec 379.150. The complaint again stated that the plaintiff had elected to have the defendant repair the damages but that the defendant refused to do so. The plaintiff also filed a jury demand as to the legal averments of the complaint.

The defendant moved to dismiss the second complaint on the grounds (1) that the prior opinion of this court was res judicata (2) of forum non conveniens (3) the failure of the plaintiff, a nonresident of Illinois, to file security for costs (4) that the complaint did not state a cause of action and (5) that the Missouri statute in question is unconstitutional. The motion was sustained.

■ ■ At the outset the plaintiff contends, without the citation of any Illinois authority, that since the trial judge did not give the reason for his decision it must be presumed that the first ground set out in the motion was the one relied upon and that the alternative grounds were not adjudicated and cannot be considered on appeal. This is not accurate. The judge may have reached his decision upon any one or all of the grounds advanced in the motion. Neither the reason upon which the trial judge acts nor the reason he may assign for his decision is material if his decision is correct. A court of review is not limited and may sustain the finding on any of the grounds urged in the trial court. Murphy v. Lindahl, 24 Ill App2d 461, 165 NE2d 340; City of Des Plaines v. B–W Const. Co., 314 Ill App 610, 42 NE2d 343; Brown v. Atwood, 224 Ill App 77. A complete examination of the record in-

dicates that the ground regarded as the most important by the plaintiff, the defendant and the court was that of forum non conveniens. For example, the plaintiff himself stated in a motion made to vacate the order of dismissal: "The argument at the hearing . . . dealt entirely with . . . forum non conveniens."

In support of the motion to dismiss on the ground of forum non conveniens, the defendant filed an affidavit asserting that: the insurance contract was issued in Missouri and its provisions are governed by the laws of that state; the plaintiff is a resident of Kansas City, Missouri; the defendant is licensed to do business in Missouri and does business in Kansas City; the property involved in the dispute is in Chillicothe, Missouri; the witnesses who will testify for the defendant live in Missouri; the plaintiff prays for a specific performance by the defendant of positive acts relative to real property in Missouri, and the courts of Cook County are clogged with cases so that in the normal course of events the present case could not be tried for at least five years. No counter-affidavit was filed by the plaintiff.

 The doctrine of forum non conveniens, generally speaking, deals with, ". . . the discretionary power of the court to decline to exercise a possessed jurisdiction whenever, because of varying factors, it appears that the controversy may be more suitably or conveniently tried elsewhere." Cotton v. Louisville & N. R. Co., 14 Ill2d 144, 152 NE2d 385. On appeal from an order granting or denying a motion to dismiss on the ground of forum non conveniens the standard to be applied is simply whether or not the trial court abused its discretion. Giseburt v. Chicago, B. & Q. R. Co., 45 Ill App2d 262, 195 NE2d 746. Guidelines for the application of the forum non conveniens doctrine were set out by the United States Supreme Court in Gulf Oil Co. v. Gilbert, 330 US 501, 67 S Ct 839, 91

L Ed 1055. Important among these are access to sources of proof, connection between the action and the forum in which it is brought, the availability and the cost of obtaining the attendance of witnesses, possibility of viewing the premises, the question of the enforceability of a judgment if one is obtained, and the congestion of the docket of the forum in which the action is brought. The cumulative effect of these and other factors may be considered but the plaintiff's choice of a forum should rarely be disturbed unless the factors balance strongly in favor of the defendant.

■ The defendant does business in Illinois and the complaint, which must be taken as true, averred that the insurance contract was made in the Chicago office. These are the only connections this action has with the State of Illinois. On the other hand, its connections with Missouri are numerous. The plaintiff resides in Missouri (as does his attorney) and, as far as the record discloses, all of the witnesses live in Missouri. The insured property is located in Missouri, the liability of the defendant, if any, accrued in that state and any jury view, should the court deem one proper, could be had there only. The case has inextricable relationship to the statutory law of Missouri. Section 379.150 of the Missouri statutes is a novel provision and the plaintiff's election of his remedy and his prayer for an order compelling the insurance company to repair, rest completely upon it. There is no like provision to be found in the laws of Illinois. The disposal of this action will necessarily include the construction of the language of the Missouri statute and may involve a determination of its constitutionality. In Giseburt v. Chicago, B. & Q. R. Co., supra, the court was confronted with a forum non conveniens question arising from an accident in Missouri. The court said:

"It is quite obvious to us and it is apparent from the briefs that serious questions involving the interpretation of Missouri law are involved in this case. In such event there is a singular appropriateness in trying a case in the state whose laws govern."

If the action were tried in Illinois and if it were decided that the plaintiff lawfully exercised his right of election under the Missouri statute, it would be necessary to order the defendant to rebuild the damaged buildings. The Illinois court would be compelled to not only order but to enforce specific performance in Missouri, a remedy which the Missouri courts could enforce much more effectively within their own territorial jurisdiction. In Whitney v. Madden, 400 Ill 185, 79 NE2d 593, the court said: "If it is determined that the judgment in this State is difficult or impracticable of enforcement in the jurisdiction wherein the ultimate relief is to be realized, the use of the local forum will be denied in the interest of practical justice."

The cumulative effect of the above considerations makes out a compelling case for the trial of this action in Missouri. The plaintiff can still proceed there. His cause of action can be reinstituted in Missouri any time before June 29, 1965, and, therefore the possibility that a statute of limitations might bar his action need have no bearing on our decision.

We find that the trial court did not abuse its discretionary powers and its judgment is affirmed.

Affirmed.

SULLIVAN and SCHWARTZ, JJ., concur.