**Lucien C. McKinney, Plaintiff-Appellant, v. Hougland Towing Company, Defendant-Appellee.**

Gen. No. 68–74.

Fifth District.

April 24, 1969.

Sandor Korein, Cohn, Cohn and Korein, of East St. Louis, for appellant.

Gordon Burroughs, Burroughs, Simpson & Burroughs, of Edwardsville, Emerson Baetz, of Alton (McCreary, Hinslea, Ray & Robinson, of Chicago, of counsel), for appellee.

EBERSPACHER, J.

This is an appeal from an order dismissing plaintiff's case, filed under the Jones Act (46 USC 688 et seq.), on ground of forum non conveniens.

In January 1967, plaintiff filed his suit in the Circuit Court of Madison County seeking money damages for personal injuries received by him while employed by defendant on the motor vessel Warren Hougland while it was afloat on the Ohio River. Plaintiff alleged defendant was negligent and its vessel unseaworthy. He alleged the defendant operated on the navigable inland waters of the United States and frequently did business in Madison County, and demanded a jury trial. Subsequently plaintiff's attorney, a resident of the adjoining county of St. Clair, sought by motion mailed to the Clerk, to amend the complaint to correct the name of defendant, sending the copy of the covering letter, with a copy of the motion to defendant's Chicago attorney. The amendment was allowed and made by interlineation and the Clerk was ordered to send copies of the order to the attorneys.

Before there was any service on defendant, on July 6, the motion to dismiss was filed on behalf of defendant, which motion was verified as to both allegations of fact and allegations based on information and belief by a member of the bar resident in Madison County, and which requested oral argument of the motion. An unverified answer to the motion was filed, and on July 14 the motion was called for hearing and argued before an Associate Circuit Judge, who took the matter under consideration and granted defendant leave to amend its motion. Thereafter, the court ordered the case set for jury trial on June 17, 1968. No amendment to the motion was ever filed and no additional hearing was ever had on the motion, and on May 7 the motion was allowed and the case dismissed.

Plaintiff seeks reversal on the basis of an abuse of judicial discretion, and defendant contends that there is here a total failure to demonstrate any abuse of discretion.

■ Cotton v. Louisville & N. R. Co., 14 Ill2d 144, 152 NE2d 385, as limited in People ex rel. Chesapeake & Ohio R. Co. v. Donovan, 30 Ill2d 178, 195 NE2d 634, controls the application of forum non conveniens to Federal Employer Liability Act cases in Illinois. Since that Act and the Jones Act, both Federal in origin, have special venue provisions which allow a plaintiff to select his forum, the same venue provisions as are applied in FELA apply here [1] and Cotton, as modified, is here applicable. Pure Oil Co. v. Suarez, 364 US 202, 86 S Ct 1394. The doctrine of forum non conveniens applies under both Acts. Cotton, supra. And a court has a narrower discretion in considering such motion than exists in the U. S. District Courts under the change of venue provisions provided by US Code, Title 28, § 1404(2), Norwood v. Kirkpatrick, 349 US 29, 75 S Ct 544. Our Courts have recognized that the venue provision of the Act gives the plaintiff a right which cannot be overcome by mere balance of convenience. Cotton, supra, at 174; Giseburt v. Chicago B. & Q. R. Co., 45 Ill App2d 262, 195 NE2d 746.

In Cotton, our Court held defendant's motion was clearly insufficient; that it was too general, and the names of the witnesses and the proofs proposed to be adduced were not particularized (Cotton, supra, at 166–168), and even the dissent agreed that defendant's motion should have stated with more particularity what testimony was expected from the nonresident witnesses, even though, for tactical reasons, it may have been reluctant to do so. (Cotton, supra, 176–177.) In Cotton, the Court, on the question of the adequacy of the motion,

---

[1] 461 US Code, Sec 688 confers the same remedies for seamen as are conferred on railway employees.

relied in part on General Portland Cement Co. v. Perry (CCA 7th), 204 F2d 316, in which the Court denied a motion to transfer from the U. S. District Court in Chicago to the District Court in Dallas, on the ground that defendant failed in its burden of proof in that it failed to give the names of its witnesses, to indicate what their testimony would be, to show how vital that testimony would be to the defense, and to show why depositions could not be used. In that case the motion was under USC Title 28, § 1404(a) where the requirements are less stringent and where the court has greater discretion, than on a forum non conveniens motion. Norwood v. Kirkpatrick, supra.

A host of cases were considered by our Supreme Court in Cotton, and resulted in the determination by our Court that the predominate rational of them corresponded substantially to the approach of Justice Jackson in Gulf Oil Corporation v. Gilbert, 330 US 501, 508, 67 S Ct 839, 843, where he stated:

> "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

Beginning with this basic premise, we test the sufficiency of defendant's motion in accordance with the standards set forth in Cotton, as modified.[2]

 First, defendant alleged plaintiff was a nonresident of Illinois, a nonresident of Madison County, and believed to be a resident of Eddyville, Kentucky. Resi-

---

[2] The modification of Cotton effected by People ex rel. Chesapeake & Ohio R. Co. v. Donovan, supra, consisted of a disavowal of a statement found in Cotton, 174, "that only where it is shown that plaintiff is motivated purely by vexation and harassment will an FELA case be dismissed." Donovan went on to say that the factors to be considered upon such a motion were to be found in Whitney v. Madden, 400 Ill 185, 79 NE2d 593 (a case not brought under an act having special venue provisions) "and the other portions of Cotton."

dence of a plaintiff in a County of Illinois is not a requirement of the Act for venue purposes, and "no one has been denied access to our Courts by virtue of his nonresident status." Whitney v. Madden, 400 Ill 185, 188, 79 NE2d 593.

Second, plaintiff alleged defendant did business in Illinois and Madison County. Defendant denied it did business in Madison County other than passing through the county, but did not deny it did business in Illinois. For the purposes of this motion, obviously filed under chapter 110, section 35, but not meeting the requirements of that section regarding verification by a corporation, plaintiff's allegation of doing business must be accepted as true. Defendant further alleged that it was a Delaware Corporation, with its principal office in Paducah, Kentucky, and that it was not licensed in Illinois and had no place of business in Illinois. Since defendant is a nonresident, venue lies in Madison County under chapter 110, section 5, Ill Rev Stats, which states that if all defendants are nonresident they may be sued in any county of the State.

Third, the motion alleged that plaintiff's injury occurred "on the Ohio River . . . at some place in the area adjacent to the State of Indiana." Since the alleged injury is based on negligence aboard, and the seaworthiness of, a floating vessel, we cannot comprehend how the geographical location at the time of the alleged injury could be of any consequence, and defendant has alleged nothing that could be interpreted as making the geographical location of the injury of even the slightest importance, and it does not suggest that venue would lie in Indiana.

Defendant next sets forth that plaintiff's counsel is not a resident of Madison County, which plaintiff admits, but states that his counsel is a licensed practitioner in Illinois, residing in an adjoining Illinois county. See Supreme Court Rule 701(b); c 110A, § 701(b), Ill Rev Stats.

Fifth, it alleged that crew members who know, or may know of the occurrence are: Bacchus, living at Old Cairo Road, Paducah, Kentucky; Wynn, living in Dover, Tennessee; Land, living in Metropolis, Illinois; Harris, living in Paducah, Kentucky; and that all of the medical evidence will probably consist of a doctor from Paducah, Kentucky; hospital personnel of the Veterans Hospital in Nashville, Tennessee; and probably other members of the staff of the U. S. Public Health Service Outpatient Clinic in Memphis, Tennessee.

The only distinction we can draw between its allegation and those in the Cotton case, which were held insufficient, is that they give the names and addresses of the witnesses. They did not even state to the court that they would produce these people as witnesses, and that the testimony, if any, was in any way beneficial to the defense of the case, and did not attempt to set forth what the testimony was. If defendant wishes this case tried in Paducah, Kentucky, which its motion suggests would be of relative convenience, and a trial site of more convenience and less expense (as well as additional expense on the part of both plaintiff's and defendant's counsel), then there would be the same problem as far as the subpoena power of the court in Paducah that there would be in the court in Madison County. Of the four lay witnesses, one lives in Tennessee, and one lives in Illinois, and of the medical witnesses, one doctor is in Paducah, but the others are all in Nashville, Tennessee, and Memphis, Tennessee.

A general review of the facts in the Cotton case which is a typical FELA case indicates that the crew members, the physicians, and the locale of the injury all were in one geographic area. In this, a seaman's case, where the very same venue provisions apply, the location of witnesses is not as important because as is apparent in this case the witnesses reside in three different states, Illinois, Kentucky, and Tennessee, and the

occurrence took place off Indiana. Unavailability of seamen witnesses has been judicially recognized by the courts. In the case of Medich v. American Oil Co., 177 F Supp 682 (DC Pa 1959), a transfer from Pennsylvania to Texas was denied, the court at page 683, stated:

> "While defendant has stressed that the seamen witnesses all reside in or near the southern district of Texas, the very fact that their witnesses are seamen deletes the importance of this factor; by the nature of their employment seamen are often unavailable as witnesses and their testimony must then be submitted in deposition form."

In a later case, Williams v. Central Gulf Steamship Corp., 240 F Supp 563, 564 (1965), the same principle was discussed, with the court adding that it has rarely seen physicians of the United States Public Health Service appear in court personally, but rather their testimony is generally submitted in deposition form.

In Continental Cas. Co. v. Hartford Accident & Indemnity Co., 28 Ill App2d 177, 171 NE2d 68, the Appellate Court reversed a dismissal order entered in a case not brought under an Act with special venue provisions, because of inadequacy of the motion. While the motion was exceptionally brief, it included as many pertinent factors as does the motion in this cause, except the names of the anticipated witnesses, and names of witnesses, without some indication of the testimony expected of them and whether the evidence would be corroborative or not, are of no value in the exercise of discretion on such motion.

Other allegations of defendant's motion include: that it may be necessary to introduce testimony of other members of the crew, none of whom are residents of Madison County; that defendant will be subjected to unnecessary expense of transporting to and maintaining witnesses in Madison County; that the Statute of Limita-

105

tions will not have run until May 15, 1969; that there is no relevant connection between Madison County and the cause of action alleged; that on information and belief there is no known witness who is a resident of Madison County; that there would be no injustice to plaintiff since the Court system of Kentucky is available to plaintiff and he can there get personal service on defendant, although defendant does not allege that personal service cannot be had upon defendant in Illinois, and the complaint suggests that it can; and that unnecessary hardship and inconvenience would be imposed upon defendant and its essential witnesses. Those allegations are either of general nature or both general and conclusions.

 Defendant suggests that the discretion exercised by a court "enjoys a presumptive immunity from review." The question of abuse of judicial discretion is always subject to review. Whitney v. Madden, supra. It further suggests that its motion is under oath, and that since plaintiff has not denied any of its allegations under oath, they must stand conceded. C 110, § 35, Ill Rev Stats specifies that a corporation may verify a pleading by the oath of any officer or agent *having knowledge of the facts*. This motion does not recite that the Madison County attorney who verified has such knowledge. From the face of the pleading his information must all be hearsay or conclusions.

In People v. Pfanschmidt, 262 Ill 411, 441, 104 NE 804, our Supreme Court said:

> "By judicial discretion is meant sound discretion guided by law. It does not mean an arbitrary discretion. Judicial power is never exercised for the purpose of giving effect to the will of the Judge,— always for the purpose of giving effect to the will of the legislature; or in other words, to the will of the law."

106

Without following the guidelines set down by law, courts could completely sterilize the venue privileges granted by the Jones Act. As was stated in the extensive opinion in Cotton, supra, the plaintiff was given a right to select a forum, and both the Illinois General Assembly and the Congress of the United States have refused to pass legislation in any way limiting that right. (Cotton, 153–155, 158.) The burden of a clear and convincing case on behalf of the motion is the burden of the movant to show more than a mere balance of convenience to deprive such plaintiff of a right which should rarely be disturbed.

■ The court by failure to require the defendant to adhere to the guidelines set forth in Cotton, did not have sufficient latitude in which its discretionary power could be exercised. We, therefore, reverse the order granting the motion and dismissing the case and remand the cause for further proceedings.

Reversed and remanded.

GOLDENHERSH and MORAN, JJ., concur.