In the Matter of the Guardianship of Wallis David Arnold, a Minor.
Nancy C. Finch, Petitioner-Appellant, v. David Arnold, Defendant-Appellee.

Gen. No. 68–127.

Fifth District.

October 24, 1969.

James A. Lawder, Jr., Wolff, Jones & Lawder, of Murphysboro, for appellant.

John Ladd Dean, Richard A. Zellner, Hahn, Loeser, Freedheim, Dean & Wellman, of Cleveland, Ohio, for appellee.

GOLDENHERSH, P. J.

Petitioner, Nancy C. Finch, appeals from the order of the Circuit Court of Union County dissolving a temporary injunction, and dismissing her petition that she be appointed guardian of the person of Wallis David Arnold, her minor child.

Petitioner is a resident of Anna, in Union County, former wife of defendant, David Arnold, and mother of Wallis David Arnold. She filed a petition seeking her appointment as guardian of Wallis David's person, and for a temporary injunction enjoining defendant, David Arnold, from interfering with her custody of the child. The court issued a writ of injunction enjoining defendant "from molesting or in any way interfering with" petitioner's "care, custody and control" of the child "during the pendency of this action or until further order of court."

Defendant, David Arnold, entered a special appearance and moved for dissolution of the temporary injunction, dismissal of the petition for appointment of a guardian, and an order directing return of Wallis David to defendant.

The motion was set for hearing, and it appears from the affidavits of the parties and exhibits offered in support of defendant's motion, that petitioner and defendant were formerly husband and wife, and are the parents of Wallis David, who was born in January 1959. In December 1960, the Court of Common Pleas of Cuyahoga County, Ohio, granted defendant a divorce from petitioner and awarded him custody of Wallis David. In 1961 petitioner appeared before the Court of Common Pleas and filed a motion to modify the award of custody. The motion was denied. A second motion filed in 1965 resulted in entry of an order granting her visitation rights. A subsequent proceeding in 1967 resulted in "reaffirmation" of the order entered in 1965.

Subsequent to entry of the order in 1965, each visit by Wallis David to petitioner's home was preceded by execution of a written memorandum setting out the time, place and duration of the visit.

Defendant's employer transferred him from Cleveland, Ohio, to South Bend, Indiana. In April 1968, the parties entered into an agreement that Wallis David would visit petitioner in Anna from April 8, 1968, to April 13, 1968. Petitioner agreed to return him to defendant at the South Bend exit of the Indiana Toll Road at 8:00 p. m. on April 13. Her petition for appointment of a guardian and for temporary injunction was filed April 11.

The trial court entered an order which provides in part:

"1. That the relevant and undisputed facts necessary for the court's determination of this controversy are set out in Defendant's Exhibit A–8, with attached affidavits and exhibits, and the same are incorporated herein by reference as findings of fact.

"2. . . .

"3. . . . this court does not find in the evidence, pleadings, affidavits or exhibits any such extraordi-

nary facts or circumstances contrary to the best interests and welfare of the minor, or such that would render the father unfit or his home unsuitable, that have materially or substantially changed since the Ohio decree was modified in 1965, and reaffirmed by the parties on July 11, 1967, which would warrant this court asserting jurisdiction to redetermine the question of custody as fixed and supervised by the Ohio Forum, one that can now or at any time in the future modify custody if warranted, and further that the Court finds that the circumstances under which this child came to Illinois for a temporary five day visit should not in equity and good conscience be used as a base for jurisdiction to determine either guardianship, injunctive relief or change of custody.

"4. That the Ohio Court had jurisdiction of the parties, the child, and the subject matter when the original decree was entered in 1960, and subsequently when the plaintiff voluntarily submitted herself to the jurisdiction of the Ohio Court in applications for modification of custody in 1961, 1965, and 1967; the issue of the best interests of the child were presented to that court on four occasions; and accordingly that the decree should be given full faith and credit under the constitution and the principles of comity between the States of Illinois and Ohio.

"5. That it is not necessary to the best interests of the minor that a guardian of his person be appointed by this court.

"Accordingly, it is the order of this Court that the minor, Wallis David Arnold, shall be forthwith returned to his father, David Arnold, by his mother, Nancy C. Finch; that her petition for appointment of guardian of the person of said child, filed April 11, 1968, be and the same hereby is dismissed; and that the temporary injunction and restraining order

of this Court entered April 11, 1968, be and the same hereby is ordered dissolved and set aside."

Petitioner contends the court erred in dismissing the petition for appointment of a guardian without a hearing on the merits, and in deciding the matter of the custody of the minor on a preliminary motion attacking the jurisdiction of the court. She argues the action of the court is anomalous in that it exercised jurisdiction to make affirmative orders affecting the subject matter of the litigation while granting the prayer of the motion to dismiss.

Able counsel have filed comprehensive briefs citing many authorities in support of arguments directed to substantive and jurisdictional questions. In our view of the case, however, the issues presented are simply whether the circuit court has jurisdiction over the subject matter and the parties, and assuming jurisdiction, whether it abused its discretion in declining to exercise it.

 The circuit courts of Illinois have plenary jurisdiction over the estates and persons of infants in Illinois, regardless of the domicile of the child. In re Guardianship of Smythe, 65 Ill App2d 431, 213 NE2d 609. The exercise of that jurisdiction must be tempered with reasonable limitations, Whitney v. Madden, 400 Ill 185, 79 NE2d 593. The circuit court is vested with the discretionary power to decline to exercise its jurisdiction, and absent an abuse of discretion, its judgment will not be disturbed. Cotton v. Louisville & N. R. Co., 14 Ill2d 144, 152 NE2d 385; The People ex rel. Chesapeake & O. Ry. Co. v. Donovan, 30 Ill2d 178, 195 NE2d 634; McKinney v. Hougland Towing Co., 109 Ill App2d 99, 248 NE2d 322.

 The record reflects an Ohio decree, several subsequent proceedings, and the child's presence in Illinois in accordance with an agreement between the parties based upon that decree, as modified. The cases and treatises

72

are replete with arguments in support of the rule that based upon the facts here presented petitioner should seek relief in Ohio, and the corollary proposition that to hold otherwise encourages forum shopping, destroys such stability as emanates from a decree fixing custody, and in effect rewards conduct violative of the existing decree and the agreement made in reliance thereon.

We have examined petitioner's affidavit filed in support of her petition, and do not find therein a basis to hold the trial court abused its discretion in refusing to exercise jurisdiction. We are aware of the possibility that defendant's removal to Indiana might present procedural difficulty in enforcement of a modification of the Ohio decree but, again, are unable to say that this establishes abuse of discretion on the part of the trial court.

■ We next consider petitioner's contention that the action of the trial court is an anomaly in that while declining to consider the cause on the merits it ordered the return of Wallis David to defendant. To have done otherwise would have resulted in the minor's remaining in Illinois, thus depriving defendant of his custody as effectively as would a judgment favorable to petitioner. Under the circumstances the court acted properly, and finding no abuse of discretion, the order is affirmed.

Order affirmed.

MORAN and EBERSPACHER, JJ., concur.