Donald G. Fender, Plaintiff-Appellant, v. St. Louis Southwestern Railway Company, Defendant-Appellee.

Gen. No. 69–43.

Fifth District.

June 26, 1970.

 

 █ 

Carr, Raffaelle & Cook, of East St. Louis (Rex Carr, of counsel), for appellant.

Walker & Williams, of East St. Louis (Ralph D. Walker and Edward G. Maag, of counsel), for appellee.

PER CURIAM.

Plaintiff appeals from the judgment of the Circuit Court of St. Clair County dismissing his cause of action and assessing costs against him entered upon allowance of defendant's "Motion to Decline Jurisdiction" under the doctrine of forum non conveniens.

Plaintiff's complaint pleads a cause of action under the Federal Employer's Liability Act (45 USCA, § 51 et seq.) arising out of an occurrence in the Dallas, Texas Yards of the Southern Pacific Railroad.

In its motion to decline jurisdiction defendant states that plaintiff is a resident of Dallas, 870 miles from Belleville, and at the time of the alleged occurrence had been in defendant's employ for approximately 10 days; defendant is a Missouri corporation with its principal place of business in Tyler, Texas, and is amenable to service and has property subject to execution in Texas; in order to try the case in St. Clair County defendant would require the testimony of both employee and non-employee witnesses, nearly all of whom reside in the vicinity of Dallas; it could not compel the attendance of witnesses by subpoena, would be required to take evidentiary depositions and expend substantial sums for

the expenses of travel and maintenance; defendant would be placed at a disadvantage and would incur great expense in that witnesses would be required to be in attendance at the trial whose presence might become unnecessary, and that this could not be determined until plaintiff had introduced evidence in support of his case; testimony by evidentiary deposition is not as satisfactory and convincing to a jury as testimony "in person" of the witnesses; defendant would incur additional expense of $1,000 to $2,000; defendant's attorneys would be required to make several trips to Dallas for the purpose of inspecting the site of the occurrence and taking depositions; plaintiff's physical condition is in issue, he has had a series of lawsuits and 10 to 14 doctors have treated him and testified concerning his condition in previous litigation; upon information and belief defendant states that plaintiff's reason for filing his suit in "this remote jurisdiction" is to put defendant to a disadvantage in proving plaintiff's prior claimed accidents and the alleged injuries arising therefrom; that a further defense will be that plaintiff is not entitled to the benefits of the F.E.L.A. for the reason that he made material misrepresentations of fact in his application for employment, and various persons would be necessary witnesses in support of this defense; the testimony of a number of doctors, eight of whom are listed by name will be necessary to defendant's defense. Paragraph 12 of the motion states:

"12. The accessibility of the courts of St. Clair County has become widely known and local litigants and litigants who live in or near the area of this forum, have filed many suits in this Court requiring almost continuous attendance by the judges of this Court in an effort to dispose of the litigation. In many cases the courts of this county afford the only forum where local residents may try their suits

and foreign, imported litigation such as this, tends to discommode the citizens and residents of Illinois who have no other choice of forum. The time of the Court and jury which could be devoted to local cases will be appropriated by the plaintiff in this suit with no corresponding benefit to the taxpayers of this county. The plaintiff has other appropriate courts available to him elsewhere in close proximity to the place where this cause of action arose, which are convenient for him, the witnesses and the defendant, and where witnesses can be subpoenaed."

The motion is verified, upon information and belief by one of defendant's attorneys of record.

Plaintiff filed verified "Objections to Motion to Decline Jurisdiction" in which he states defendant has hundreds of miles of track in Illinois and maintains yards, offices and other facilities in St. Clair County; there are only two witnesses to the occurrence out of which the action arises, plaintiff and his foreman; that a myelogram and laminectomy were performed on plaintiff in St. Clair County by physicians resident there; various doctors, nurses and pathologists are necessary to prove his case, all of whom reside in Illinois; his attorney is licensed in Illinois, not in Texas, and resides in St. Clair County; if defendant is caused unreasonable and unnecessary expenses he is ready to deposit any sums necessary to defray such expense; matters in defendant's motion referring to his background are scurrilous and untrue; the Circuit Court of St. Clair County does not have a large backlog of cases and the filing of this case "will in no way discommode the citizens and residents of this County."

Defendant filed the affidavit of the attorney, who verified its motion in which he states that the surgeon who operated on plaintiff is dead; plaintiff has had several

214

lawyers in Texas to prosecute damage suits; he presently has a Texas lawyer who is presently prosecuting a case in Texas seeking to recover Workmen's Compensation for an injury suffered while plaintiff was employed by Rotex Manufacturing Co. in Dallas County.

Plaintiff contends defendant's motion "failed to state facts sufficient to give the court latitude in which to exercise its discretionary power," and the court, in declining jurisdiction, abused its discretion. Defendant argues the trial court properly declined jurisdiction, its action was discretionary, and is subject to reversal only if there is shown to be an abuse of discretion.

In Whitney v. Madden, 400 Ill 185, 79 NE2d 593, the Supreme Court affirmed the dismissal of a case under the doctrine of forum non conveniens and after discussing certain limitations previously applied to free access to the courts of Illinois, said at page 189: "Many jurisdictions have added the limitation that if it is apparent that an appropriate forum is available and the relief is sought in the local courts by a nonresident against a nonresident for a transaction which occurred outside the territorial boundaries of the State, for the purpose of frustrating the defendant, or if the bringing of the action unduly burdens the defendant or cause him great and unnecessary inconvenience, or unnecessarily burdens the court, the trial court may, in its discretion, decline the jurisdiction of the case, even though it may have proper jurisdiction over all parties and the subject matter involved. This is the doctrine of forum non conveniens. The Federal courts have recognized the application of this doctrine and have found it not repugnant to section 2 of article IV, and section I of the Fourteenth Amendment of the Constitution of the United States."

In Cotton v. Louisville & N. R. Co., 14 Ill2d 144, 152 NE2d 385, the Supreme Court limited the application of the doctrine in cases arising under the F.E.L.A. in the

215

following language found at page 174: "If the companies are actually harassed and the plaintiff is prompted by vexation in the choice of a forum, there should be relief, and the courts will grant such relief if the request is candidly and convincingly presented. In other words, section 6 of the Federal Employers' Liability Act gives this plaintiff a right which cannot be overcome by a mere balance of conveniences; that only where it is shown that plaintiff is motivated purely by vexation and harassment will an F.E.L.A. case be dismissed. If it is 'shopping' for a plaintiff to bring suit in a great metropolis where a large verdict is anticipated, why is it not also 'shopping' for a defendant to attempt to have the case dismissed on the ground that it should have been brought in a small community where the defendant anticipates a smaller verdict would result. This is in accord with the reasoning of Judge Hand in his concurring opinion in Ford Motor Co. v. Ryan, 182 F2d 329, (an antitrust suit under Title 15 of the US Code, which law contains a venue provision comparable to section 6 of the F.E.L.A.), where he said (p 332) : 'I wish to put my vote solely upon the ground that § 15 of Title 15 gives to plaintiff a privilege which a defendant must overcome by more than a bare balance of convenience between the two forums.' "

In The People ex rel. Chesapeake & Ohio Ry. Co. v. Donovan, 30 Ill2d 178, 195 NE2d 634, the court said at page 180: "The statement in the Cotton case, 'that only where it is shown that plaintiff is motivated purely by vexation and harassment will an F.E.L.A. case be dismissed' is disavowed. The appropriate factors to be considered in ruling upon such a motion may be found in Whitney v. Madden, 400 Ill 185, and in other portions of the Cotton case."

■ In Whitney, the Supreme Court referred with approval to Gulf Oil Co. v. Gilbert, 330 US 501, 91 L Ed 755, 67 S Ct 839, and in Cotton, at page 166, the court

216

quoted from Gilbert as follows: "However, the predominate rationale of the cases corresponds substantially to the approach of Mr. Justice Jackson in Gulf Oil Corp. v. Gilbert, 330 US 501, where it is stated at page 508: 'But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" The fact that the Supreme Court in Donovan, while specifically disavowing certain statements in Cotton, made no reference to Gilbert, leads us to conclude that it intended that the language quoted from Gilbert in Cotton remain applicable to the doctrine in Illinois.

■ From our review of the authorities, we conclude that before a motion to decline jurisdiction may be granted it must be apparent that the first three conditions enumerated in Whitney, i. e., the existence of an appropriate forum, the nonresidence of the parties, and a transaction which did not take place in Illinois are present along with one or more of the remaining conditions: i. e., the bringing of the action in Illinois for the purpose of frustrating the defendant, the undue burdening of and great and unnecessary inconvenience to the defendant, or the unnecessary burdening of the court. We have searched Cotton for other "appropriate factors to be considered," as suggested in Donovan, and except for the one expressly disavowed by the court, fail to find any which modify the requirements enumerated in Whitney.

The review of the trial court's order is governed by the rule that in the absence of an abuse of discretion its ruling should not be disturbed. This matter was presented to the trial court on motions and affidavits, and it heard no testimony. The scope of review under these circumstances is well defined in Weeks v. Bareco Oil Co., 125 F2d 84 (CA 7th) wherein the Court of Appeals said at page 93: "We are advised, and accede to the contention, that the District Court has a discretion, and the existence

217

of that discretion narrows the scope of our investigation. The trouble with this irresponsible method of lightly disposing of cases, truly ours, is that discretion and abuse of discretion are relative rather than absolute terms. In most instances, we may say, generally, that the question of discretion is the display of sound judgment. In the proper case it may not be disturbed by an appellate court except for abuse. But what is abuse?

"Determination of abuse of discretion involves the exercise, by us, of sound judgment upon the facts. If there is controversy as to facts, and if the facts themselves largely define the wisdom of the discretion, review by the appellate court is seldom effective and it should not be. Then appellate court's review does not include trial court's discretion."

■■ "If, however, the facts are not in dispute and it is a question of sound judgment based upon the undisputed facts which are before us as fully as before the trial judge (i. e., by affidavits), we are in about as good a position as he to say whether the discretion has been wisely exercised. In short both trial and appellate courts have the same situation upon which to exercise the same sound judgment."

This court has reviewed, and has presently pending, cases brought under F.E.L.A. and arising from occurrences in other states. From our knowledge of the records in those cases, we conclude that although some additional expense may be incurred for travel and maintenance, the absence of subpoena power is not a material factor in compelling the attendance of employee witnesses. In many cases reviewed by this court, both F.E.L.A. and others, much of the medical testimony adduced by both plaintiffs and defendants is that of physicians practicing in St. Louis, Missouri, not amenable to subpoena, and is introduced in the form of evidentiary depositions.

With respect to the testimony of nonmedical, nonemployee witnesses, defendant's motion and affidavit suffer from the deficiencies which appear to have been the deciding factors in Cotton. We conclude, therefore, that it is not, as required by the authorities, apparent that the action was brought in Illinois for the purpose of frustrating, unduly burdening, or causing great and unnecessary inconvenience to the defendant. With respect to the question of whether retention of the case is an undue burden on the court, it is noted that both paragraph 12 of defendant's motion (supra) and plaintiff's assertion that "the Circuit Court of St. Clair County does not have a large backlog of cases . . . ." (supra) state mere conclusions, there are no facts alleged by either party, and the trial court made no finding on this issue. As to the availability of another appropriate forum we quote from Lonergan v. Crucible Steel Co. of America, 37 Ill2d 599, 299 NE2d 536, wherein at page 606, the court said: "Defendants first assert that there is a serious backlog of cases in Cook County which requires reasonable restrictions on shareholders litigation against foreign corporations. This same argument was rejected in Cotton v. Louisville and Nashville Railroad Co., 14 Ill2d 144. Here, as in the Cotton case, there is no evidence as to the condition of the courts' dockets in any other forum."

■ In our opinion, the record fails to reflect the strong balance in favor of defendant necessary to deprive the plaintiff of his choice of forum. McKinney v. Hougland Towing Co., 109 Ill App2d 99, 248 NE2d 322. The judgment of the Circuit Court of St. Clair County is therefore reversed, and the cause remanded to the Circuit Court of St. Clair County with directions to vacate its order of dismissal and reinstate plaintiff's cause of action.

Judgment reversed and cause remanded with directions.