(No. 43420.—

Donald G. Fender, Appellee, *vs.* St. Louis Southwestern Railway Company, Appellant.

*Opinion filed May 21, 1971.—Rehearing denied October 4, 1971.*

Goldenhersh, J., took no part.

WALKER & WILLIAMS, of East St. Louis, (RALPH D. WALKER, HARRY J. STERLING, and MARTIN W. IMBER, of counsel,) for appellant.

CARR, RAFFAELLE & KOLKER, of East St. Louis, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an action under the Federal Employers Liability Act instituted by Donald G. Fender against St. Louis Southwestern Railway Company in the circuit court of St. Clair County. The complaint alleged that the occurrence out of which the action arose took place in Dallas, Texas. The defendant filed a motion to dismiss *forum non conveniens,* pointing out the fact that the place where the accident was alleged to have occurred is 870 miles from East St. Louis, Illinois, where the action was filed, and that the disposition of cases in the circuit court of St. Clair County is delayed by reason of the extraordinarily large number of actions filed there. The circuit court granted the motion to dismiss. The Appellate Court, Fifth District, reversed (125 Ill. App. 2d 211), and we granted leave to appeal.

The positions of the parties were thus summarized by the appellate court:

"In its motion to decline jurisdiction defendant states that plaintiff is a resident of Dallas, 870 miles from Belleville, and at the time of the alleged occurrence had been in defendant's employ for approximately 10 days; defendant is a Missouri corporation with its principal place of business in Tyler, Texas, and is amenable to service and has property subject to execution in Texas; in order to try the case in St. Clair County defendant would require the testimony of both employee and non-employee witnesses, nearly all of whom reside in the vicinity of

Dallas; it could not compel the attendance of witnesses by subpoena, would be required to take evidentiary depositions and expend substantial sums for the expense of travel and maintenance; defendant would be placed at a disadvantage and would incur great expense in that witnesses would be required to be in attendance at the trial whose presence might become unnecessary, and that this could not be determined until plaintiff had introduced evidence in support of his case; testimony by evidentiary deposition is not as satisfactory and convincing to a jury as testimony 'in person' of the witnesses; defendant would incur additional expense of $1,000 to $2,000; defendant's attorneys would be required to make several trips to Dallas for the purpose of inspecting the site of the occurrence and taking depositions; plaintiff's physical condition is in issue, he has had a series of lawsuits and 10 to 14 doctors have treated him and testified concerning his condition in previous litigation; upon information and belief defendant states that plaintiff's reason for filing his suit in 'this remote jurisdiction' is to put defendant to a disadvantage in proving plaintiff's prior claimed accidents and the alleged injuries arising therefrom; that a further defense will be that plaintiff is not entitled to the benefits of the F.E.L.A. for the reason that he made material misrepresentations of fact in his application for employment, and various persons would be necessary witnesses in support of this defense; the testimony of a number of doctors, eight of whom are listed by name will be necessary to defendant's defense.

\* \* \*

"Plaintiff filed verified 'Objections to Motion to Decline Jurisdiction' in which he states defendant has hundreds of miles of track in Illinois and maintains yards, offices and other facilities in St. Clair County; there are only two witnesses to the occurrence out of which the action arises, plaintiff and his foreman; that a myelogram and lamin-

ectomy were performed on plaintiff in St. Clair County by physicians resident there; various doctors, nurses and pathologists are necessary to prove his case, all of whom reside in Illinois; his attorney is licensed in Illinois, not in Texas, and resides in St. Clair County; if defendant is caused unreasonable and unnecessary expenses he is ready to deposit any sums necessary to defray such expense; matters in defendant's motion referring to his background are scurrilous and untrue; the Circuit Court of St. Clair County does not have a large backlog of cases and the filing of this case 'will in no way discommode the citizens and residents of this County.' " 125 Ill. App. 2d at 212-14.

In addition, the opinion of the appellate court set out in full the paragraph of the defendant's motion which asserted that appropriate courts are available to the plaintiff in close proximity to the place where the cause of action arose, and that "imported litigation such as this tends to discommode the citizens and residents of Illinois who have no other choice of forum. The time of the Court and jury which could be devoted to local cases will be appropriated by the plaintiff in this suit with no corresponding benefit to the taxpayers of this county." 125 Ill. App. 2d 211, 213-214.

The discretion to be exercised in ruling on a *forum non conveniens* motion is that of the trial court. (*Whitney* v. *Madden* (1948), 400 Ill. 185, 190; *People ex rel. Chesapeake and Ohio Railway Co.* v. *Donovan* (1964), 30 Ill. 2d 178, 180.) In this case the appellate court reversed the trial court, apparently not because that court had abused its discretion, but because the appellate court felt that the trial court's discretion had not been "wisely exercised." In our opinion the appellate court misapprehended its role and misapplied the governing principles.

In its opinion the appellate court stated: "We conclude, therefore, that it is not, as required by the authorities, apparent that the action was brought in Illinois for the

purpose of frustrating, unduly burdening, or causing great and unnecessary inconvenience to the defendant." (125 Ill. App. 2d at 219.) But the idea that such a showing is required before a motion to dismiss *forum non conveniens* may be granted was specifically repudiated by this court in *People ex rel. Chesapeake and Ohio Railway Co.* v. *Donovan,* 30 Ill. 2d 178. There we said: "The statement in the *Cotton* case 'that only where it is shown that the plaintiff is motivated purely by vexation and harassment will an F.E.L.A. case be dismissed' is disavowed." 30 Ill. 2d at 180.

Another matter that received primary emphasis in the opinion of the appellate court is that the record does not show the condition of the dockets of other courts. The court said: "As to the availability of another appropriate forum we quote from Lonergan v. Crucible Steel Co. of America, 37 Ill. 2d 599, wherein at page 606, the court said: 'Defendants first assert that there is a serious backlog of cases in Cook County which requires reasonable restrictions on shareholders litigation against foreign corporations. This same argument was rejected in Cotton v. Louisville and Nashville Railroad Co., 14 Ill. 2d 144. Here, as in the Cotton case, there is no evidence as to the condition of the courts' dockets in any other forum.' " 125 Ill. App. 2d at 219.

The availability of an appropriate forum is a factor to be considered in ruling upon a motion to dismiss *forum non conveniens. (Whitney* v. *Madden,* 400 Ill. 185, 189.) But the kind of "availability" that is involved is the capacity of the forum to obtain jurisdiction and grant relief. The notion of an available forum, in connection with the doctrine of *forum non conveniens,* is not related to the condition of the dockets of the courts in other jurisdictions, and the proponent of such a motion is not required to support his motion with a comparative statistical analysis

of the degree of calendar congestion in the forum and in other jurisdictions.

A significant consideration in ruling upon such a motion is, of course, the condition of the calendar in the forum in which the action is pending. Concerning that consideration, the appellate court said: "With respect to the question of whether retention of the case is an undue burden on the court, it is noted that both paragraph 12 of defendant's motion (supra) and plaintiff's assertion that 'the Circuit Court of St. Clair County does not have a large backlog of cases * * *' (supra), state mere conclusions, there are no facts alleged by either party, and the trial court made no finding on this issue." 125 Ill. App. 2d at 219.

The condition of the docket of the circuit court of St. Clair County, however, was not a fact difficult of ascertainment and was a matter of which the circuit court could properly take judicial notice. The pertinent reports are on file in the office of the Court Administrator, and they show that during the years 1967-1969 the average delay from date of filing to date of verdict in civil cases in the 20th circuit, which includes St. Clair County, has ranged from 22.5 months to 21.7 months. In our opinion the circuit court, confronted with this very serious delay in the disposition of civil cases, was fully justified in granting the motion to dismiss.

The judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*

Mr. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.