SEARS, ROEBUCK & COMPANY, Plaintiff-Appellant, *v.* CONTINENTAL INSURANCE COMPANY, Defendant-Appellee.

(No. 56230; )

First District—December 8, 1972.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago, (Louis A. Lehr, Jr., and Paul L. Leeds, of counsel,) for appellant.

Clausen, Hirsh, Miller & Gorman, of Chicago, (Frank L. Schneider and James T. Ferrini, of counsel,) for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

The sole issue raised by this appeal is whether the trial court abused its discretion in dismissing this action for a declaratory judgment on the ground of *forum non conveniens.*

The plaintiff in this action, Sears Roebuck & Company, was sued in the district court for Polk County, Iowa, by Orville Lee Hill, administrator of the estates of Thelma Louise Hill and Connie Christine Hill. The two women were fatally injured due to the explosion of a water heater allegedly containing a defective valve. Also named as defendants in the Iowa actions were State Stove Manufacturing Company, the manufacturer of the heater, and White-Rodgers Company, the manufacturer of the valve. Sears purchased the valve from White-Rodgers and sold the heater at the retail level.

The defendant in the instant action is Continental Insurance Company. Sears' complaint alleged that Continental issued a products liability insurance policy to White-Rodgers; that the policy contains a provision requiring Continental to defend any action against White-Rodgers, even if groundless, if brought on account of an accident covered by the terms of the policy; that the policy contains a "Vendor's Endorsement" in favor of Sears; that Continental's obligation to defend Sears is co-extensive with its obligation to defend White-Rodgers; and that Sears tendered the defense of the Iowa lawsuits to Continental but it refused to defend Sears on the ground that the policy excluded coverage for liability arising from the negligence of Sears. The prayer for relief requested the court to construe the insurance contract as requiring Continental to defend Sears in the Iowa actions and reimburse Sears for expenditures already made in defense therof.

Sears and Continental are both incorporated in New York. Sears' principal place of business is in Chicago and Continental conducts business in the State of Illinois.

Continental moved to dismiss the complaint. Its motion stated that the insurance contract with White-Rodgers was issued and delivered to the insured at its principal place of business in St. Louis, Missouri; that the water heater was manufactured in Missouri; that the underlying cause of action (the explosion of the water heater) arose in Des Moines, Iowa; that the interpretation of the insurance contract and thus Continental's obligation to defend Sears, if any, would be determined by the law of Iowa or Missouri; that Illinois has no connection with the transactions except that it is Sears' "domicile."

Continental submitted two affidavits in support of its motion; they supported the statements set forth in the motion and added that the

allegedly defective valve was manufactured and assembled at White-Rodgers' plant in Batesville, Arkansas.

Based on these facts the court dismissed the action on the ground of *forum non conveniens.*

## Opinion

■■■ The doctrine of *forum non conveniens* is that a court in its discretion may decline to exercise jurisdiction over an action despite the fact that it "may have proper jurisdiction over all parties and the subject matter involved." (*Whitney v. Madden,* 400 Ill. 185, 189, 79 N.E.2d 593.) Appellate review is afforded to determine whether the court abused its discretion. *Whitney* at 190; *Continental Casualty Co. v. Hartford Accident & Indemnity Co.,* 28 Ill.App.2d 177, 171 N.E.2d 68.

■■■ Numerous factors have been cited as relevant to determining whether to exercise the doctrine. They include factors relating to the "practical problems that make trial of a case easy, expeditious and inexpensive" such as the relative ease of access to sources of proof, availability of compulsory process to procure attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses and "the possibility of a view." Also relevant is the enforceability of a judgment in a foreign jurisdiction if one is obtained in the forum court. Pertinent factors of public interest are the congestion of litigation in the forum court, the interest in having local controversies decided at home and the advantage of having a court familiar with the law to be applied, apply that law. (*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 509; see *Whitney* at 189, (as narrowed by *People ex rel. C. & O. Ry. Co. v. Donovan,* 30 Ill.2d 178, 180, 195 N.E.2d 634).) But it was stated in *Gulf Oil* at 508 that "unless the balance [of factors relating to the inconvenience of trying the case in the forum court] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

■■ Defendant's motion to dismiss and its accompanying affidavits essentially state that Illinois has no connection with the transactions except that plaintiff's principal place of business is in Chicago and the defendant conducts business in Illinois, and that if the court exercises jurisdiction over the matter, it will be called upon to interpret the law of Iowa or Missouri. We believe that the foregoing factors are insufficient to invoke the doctrine relied on and therefore the trial court abused its discretion in dismissing the action.

Defendant has cited *Whitney v. Madden; Cady v. Hartford Fire Insurance Co.,* 56 Ill.App.2d 429, 206 N.E.2d 535; and *Fender v. St. Louis Southwestern Ry. Co.,* 49 Ill.2d 1, 273 N.E.2d 353, rev'g 125 Ill.App.2d 211, 260 N.E.2d 373.

In *Whitney* it was held that the trial court properly dismissed a libel suit where both parties were residents of other States, the libelous act occurred outside of Illinois, the defendant had no property and conducted no business in Illinois and would be placed under a great burden if forced to defend the suit in an Illinois court.

In *Cady* the court approved the use of the doctrine to dismiss an action filed in Cook County for coverage under an insurance policy. The plaintiff resided in Kansas City, Missouri, the defendant did business in Illinois and Missouri, the insurance contract was issued in Chicago, the damaged real estate was in Missouri, the necessary witnesses lived in Missouri, one of plaintiff's prayers for relief was for specific performance (in Missouri), and there was a distinct possibility that the Illinois court would have to construe and perhaps pass upon the constitutionality of a recently enacted Missouri statute.

In *Fender* plaintiff, a resident of Texas, sued a Missouri corporation with its principal place of business in Texas, in the Circuit Court of St. Clair County, Illinois, for damages sustained in an accident in Dallas, Texas. Defendant's motion to dismiss stated that many witnesses would have to be brought from Dallas, defendant's attorneys would have to make several trips to Dallas to inspect the site of the occurrence, that it would be necessary to use evidence depositions in certain instances rather than having the witnesses testify at the trial, and that the dockets in St. Clair County were overburdened. Our Supreme Court held that the trial court did not abuse its discretion in dismissing the action.

The only common thread the cited cases have with the case at hand is that the underlying transactions had little if any connection with Illinois. Defendant's motion to dismiss and the accompanying affidavits fail to raise any "important considerations" which deal with the "practical problems that make trial of a case easy, expeditious and inexpensive." (*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508.) There is no allegation that witnesses will be required to testify.\* The motion to dismiss rests mainly on the fact that an Illinois court will be called upon to apply the law of either Iowa or Missouri. This we believe is insufficient to invoke the doctrine of *forum non conveniens.* It may be that even if the case were tried in Iowa, that court would have to apply Missouri law.

---

\* The complaint for a declaratory judgment alleges that the "Vendor's Endorsement" on the insurance policy issued to White-Rodgers contains a provision that the defendant must defend plaintiff in any actions covered by the policy. In such cases the generally accepted rule of law is that the duty to defend is governed by the complaint in the tort action (the Iowa action here). See *Lee v. Aetna Casualty & Surety Co.,* 178 F.2d 750 (Hand, L., 2d Cir. 1949); *City of Poplar Bluff v. New Amsterdam Casualty Co.,* 386 F.2d 172 (8th Cir. 1967) (interpreting Missouri law); see generally 44 Am. Jur. 2d, Insurance, § 1539.

The trial judge abused his discretion in dismissing the action. The judgment is therefore reversed and the cause remanded for further proceedings.

Reversed and remanded.

LORENZ, P. J., and ENGLISH, J., concur.

