MARGARET JONES *et al.*, Plaintiffs-Appellants, *v.* SEARLE LABORATORIES *et al.*, Defendants-Appellees.

First District (4th Division)   No. 80-1884

Opinion filed August 27, 1981.—Rehearing denied October 15, 1981.

Kenneth C. Miller, Gerald C. Sterns, and Walter H. Walker, III, all of Chicago, for appellants.

Sidley & Austin, of Chicago (William P. Richmond and Michael W. Davis, of counsel), for appellees.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The plaintiffs, residents of the United Kingdom, filed separate but related actions against G. D. Searle & Company (Searle) to recover

damages for injuries allegedly caused by the use of oral contraceptives developed by Searle. The trial court dismissed the suits pursuant to the doctrine of *forum non conveniens* and the plaintiffs appeal.

Searle is a Delaware corporation which maintains its headquarters and principal place of business in Skokie, Illinois. Searle owns the patents on certain active ingredients contained in the oral contraceptives in question. It granted a license to G. D. Searle & Company, Ltd. (Limited), a British corporation which is a wholly-owned subsidiary of Searle, to manufacture and market in the United Kingdom pharmaceuticals developed or invented by Searle.

In each of the 19 cases now on appeal, the plaintiffs sought to represent a class composed of all those who have sustained or will sustain injuries from using oral contraceptives "developed, tested, manufactured, produced, sold, marketed, promoted and advertised by Searle and Searle's agents." Generally, the complaints charge Searle with negligence, strict liability, intentional misrepresentation, breach of warranty, and wilful and wanton conduct in developing and testing the oral contraceptives, failing to provide adequate warnings as to their dangerous propensities, and releasing the drugs for public consumption.

Searle responded by filing motions to dismiss which alleged first that the plaintiffs failed to join Limited, a necessary party to these suits and second, that the circuit court of Cook County was an inconvenient forum. As a result of these assertions, the plaintiffs were allowed to conduct discovery with respect to the relationship between Searle and Limited. The trial court then made certain findings, among which are the following: Limited uses certain secret processes, formulae and know-how of Searle; Searle provides Limited with advice on methods of production, distribution and advertising; Limited has agreed to pay Searle royalties on sales and a management fee; Searle exercises some control over the nature of the warnings supplied with the product manufactured and distributed by Limited; Searle's aim with respect to warnings was to maximize indications and minimize contra-indications "compatible with the practice of ethical medicine"; Limited has no authority to add indications or delete contra-indications but does have authority to delete indications and add contra-indications to comply with local regulatory authorities. Despite the relationship between Searle and Limited, the trial court refused to find that Limited was a necessary party.

With respect to the issue of *forum non conveniens*, Searle claimed that despite its status as an Illinois resident, it would be severely inconvenienced by having to defend these suits in the circuit court of Cook County because "virtually all of the tangible evidence necessary to determine the issues raised by the complaints in these actions is located in the United Kingdom." As support for this claim, Searle alleged that the

oral contraceptives were manufactured, labeled, advertised, distributed, prescribed, purchased, and used in the United Kingdom. In addition, the United Kingdom is the domicile of the plaintiffs as well as the residence of the plaintiffs' employers, the witnesses to the plaintiffs' alleged damages, the officers and employees of Limited who are responsible for manufacturing and marketing the oral contraceptives, plaintiffs' pharmacists, nurses, and their prescribing and treating physicians. These witnesses, who are essential to Searle's defense, are not subject to the process of an Illinois court. The plaintiffs' hospital records, employment records, and the records of Limited which support approval of the manufacture and marketing of the pharmaceuticals in the United Kingdom are also located in the United Kingdom. To resolve any questions of foreign jurisdiction over Searle, Searle agreed to submit to the jurisdiction of the courts of the United Kingdom and to comply with discovery and document requests issued by those courts.

In opposition to Searle's motion to dismiss, the plaintiffs asserted that their basic theory of liability is grounded upon evidence that the Illinois defendant "made each and every material decision related to the development, research, manufacturing, marketing, advertising and distribution of the subject product, including selection of the written materials which were distributed with the product, and that in so doing defendants failed to provide adequate warning of the hazardous nature of the product." The plaintiffs claimed that the witnesses of greatest importance in establishing this theory of liability are the employees and consultants of Searle and that these witnesses would not be available if the cases were tried in the United Kingdom. Furthermore, the documents which go to the "heart and crux" of the issue as to whether Searle did in fact control the warnings issued in the United Kingdom are located in Illinois, Searle's principal place of business.

After weighing the factors involved, the trial court held that considerations of fundamental fairness and sensible and effective judicial administration required a *forum non conveniens* dismissal. In particular, the court made the following findings:

> "[O]ne, the law of the United Kingdom applies to the cause of action asserted; two, the United Kingdom is an adequate alternative forum; three, the sources of proof are primarily located in the United Kingdom; four, the cost to the parties of trying the case in Illinois would be extremely high relative to the costs of trying the case in England; five, the application of English law by the Illinois courts would be unduly complex and burdensome; and six, the burden on the taxpayers, other litigants, and jurors in Cook County far outweigh any benefits to be derived by a trial in Cook County."

The concept of jurisdiction establishes limits on the power of a court

to decide cases brought before it. Within these limits, a plaintiff with a transitory cause of action may have a rather wide choice of forums in which to sue. The doctrine of *forum non conveniens* was developed to allow a forum with little relation to either the parties or the cause of action to decline jurisdiction of a cause otherwise properly before it. (Restatement (Second) of Conflicts §84 (1971).) The United States Supreme Court first applied the doctrine in *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839, where it held that in exceptional circumstances, a court may decline jurisdiction if there is another forum that can better serve the convenience of the parties and the ends of justice. Among the factors to be considered in determining whether a *forum non conveniens* dismissal is justified are the relative ease of access to sources of proof, the availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, the possibility of view of the premises where appropriate, and all other practical problems that make trial of a case easy, expeditious and inexpensive. Public interest and administrative factors may also be considered, as well as financial burdens incurred by a community foreign to the litigation. (*Gulf Oil Corp.*, 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.) It is clear, however, that the trial court is to apply an "unequal balancing" test when considering a *forum non conveniens* dismissal. Unless the balance of these factors is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 383 N.E.2d 977, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052.

Illinois courts have taken the position that although a *forum non conveniens* dismissal is discretionary (*Stone Container Corp. v. Industrial Risk Insurers* (1980), 91 Ill. App. 3d 807, 414 N.E.2d 1227), a cause should not be dismissed where there is a relevant connection between the litigation and the chosen forum (*American Home Assurance Co. v. Northwest Industries, Inc.* (1977), 50 Ill. App. 3d 807, 365 N.E.2d 956). In *Sears, Roebuck & Co. v. Continental Insurance Co.* (1972), 9 Ill. App. 3d 287, 292 N.E.2d 75, the court found that the common thread among Illinois cases which were dismissed on the basis of *forum non conveniens* was that the cases showed little if any connection with Illinois.

In the suits before us, there appears to be a very relevant connection between Illinois and the subject litigation. Searle, the defendant, is an Illinois resident which maintains its headquarters and principal place of business in Illinois. Surely, Illinois has a significant interest in resolving controversies involving an Illinois resident. Furthermore, the plaintiffs contend on appeal that the conduct which constitutes the basis for Searle's tort liability, the failure to adequately warn of known dangers, occurred

in Illinois. Specifically, they claim that Searle made certain decisions in Illinois as to the warnings which would accompany oral contraceptives manufactured and marketed in the United Kingdom by Limited, Searle's licensee and wholly-owned subsidiary.

As stated in *Gulf Oil Corp. v. Gilbert*, the plaintiff's choice of forum should rarely be disturbed. We believe it would be unwise precedent to allow a resident defendant with international operations to thwart the plaintiff's choice of forum by claiming to be inconvenienced by a lawsuit in its home forum.

Searle argues that if the suits remain in this State, it will be severely inconvenienced by having to transport to Illinois witnesses and documents located in the United Kingdom. However, even if the suits were transferred to the United Kingdom, Searle would have to defend against the plaintiffs' claim that its liability is predicated upon corporate decisions made in Illinois by employees located in Illinois. In sending the relevant employees and documents to trial in the United Kingdom, Searle would still have to bear the expense of overseas transportation.

■■ It may be true, as Searle claims, that the majority of witnesses are located in the United Kingdom and that a trial there would be less expensive and more convenient. However, as previously stated, the trial court is to apply an unequal balancing test when considering whether to grant a *forum non conveniens* dismissal. The fact that trial in the United Kingdom would be more convenient is not sufficient to warrant a transfer of the cause unless it can be concluded that this is one of those exceptional circumstances where Illinois has jurisdiction over a cause of action and yet has little or no relevant connection to either the parties or the subject matter. In view of Searle's residence in Illinois and the alleged commission of the tort here, we cannot conclude that prosecution of these actions here would place an unfair, inequitable, or disproportionate burden on the courts of this State. Basically, we have before us a situation in which nonresident plaintiffs filed suit in Illinois against a company which maintains its principal place of business in Illinois and, it is claimed, committed acts in Illinois which caused injury to others in a foreign jurisdiction. Under these circumstances, we do not believe this to be one of those rare cases in which dismissal is warranted.

Accordingly, the judgment of the circuit court is reversed and the causes are remanded.

Reversed and remanded.

ROMITI, P. J., and LINN, J., concur.