(No. 55829.—

MARGARET JONES *et al.*, Appellees, v. SEARLE LABORATORIES *et al.*, Appellants.

*Opinion filed December 17, 1982.—Rehearing denied January 28, 1983.*

GOLDENHERSH and SIMON, JJ., dissenting.

Sidley & Austin, of Chicago (Howard J. Trienens, William P. Richmond, Michael W. Davis, and Stephen V. Beyer, of counsel), for appellants.

Kenneth C. Miller, of Chicago, and Walter H. Walker III, of the Law Offices of Gerald C. Sterns, of San Francisco, California, for appellees.

Tyrone C. Fahner, Attorney General, of Springfield (Paul P. Biebel, Jr., and Kathryn A. Spalding, Assistant Attorneys General, of counsel), *amicus curiae.*

Gordon B. Nash, Jr., and Laura J. Jones, of Gardner,

Carton & Douglas, of Chicago (Arthur M. Wright, of counsel), for *amicus curiae* Illinois Tool Works, Inc.

Reuben L. Hedlund and Sean F. O'Shea, of Hedlund, Hunter & Lynch, of Chicago, for *amicus curiae* Sears, Roebuck & Co.

Roger F. Lewis, of Deerfield, for *amicus curiae* Baxter Travenol Laboratories, Inc.

Lord, Bissell & Brook, of Chicago (R. R. McMahan and Hugh L. Moore, of counsel), for *amicus curiae* Abbott Laboratories.

John M. Cannon and Susan W. Wanat, of Chicago, for *amici curiae* Chicago Association of Commerce & Industry, Illinois Manufacturers' Association, and Mid-America Legal Foundation.

JUSTICE MORAN delivered the opinion of the court:

Numerous plaintiffs, all of whom are residents of the United Kingdom, filed separate suits against Searle Laboratories (defendant) in the circuit court of Cook County. Pursuant to defendant's motion, the trial court dismissed the suits on the grounds that Illinois is a *forum non conveniens*. The appellate court reversed and remanded the cause, concluding that there is a relevant connection between the litigation and the selected forum. (100 Ill. App. 3d 165.) We granted defendant leave to appeal.

The sole issue presented for review is whether the trial court's dismissal of the cause, pursuant to the doctrine of *forum non conveniens*, constituted an abuse of discretion.

Defendant is a Delaware corporation which maintains its principal place of business in Skokie, Illinois. It developed and patented certain active ingredients contained in Ovulen, Conovid and Metrulen, the oral contraceptives in question. Defendant granted a license to G. D. Searle & Co., Ltd. (Limited), its wholly owned subsidiary lo-

cated in Britain, to use the patented ingredients in manufacturing pharmaceuticals for sale in the United Kingdom. Plaintiffs seek to hold defendant liable, on various tort theories, for improperly developing the contraceptives, failing to provide adequate warnings as to their harmful side effects, and releasing the pharmaceuticals for public consumption. Whether or not Searle is liable is not presently at issue. We are here concerned only with the propriety of plaintiffs' choice of forum.

Defendant cites a number of factors in support of its motion to dismiss. It claims that all of the plaintiffs and most of the witnesses reside in the United Kingdom; most of the evidence is located in the United Kingdom; the contraceptives were manufactured, prescribed, and sold in the United Kingdom; and British law would apply to these cases. For these reasons, defendant asserts that trial in Illinois would be burdensome, inconvenient and expensive.

Plaintiffs oppose defendant's motion to dismiss on the grounds that it has its principal place of business in Skokie, Illinois, and the allegedly tortious conduct occurred in Illinois. Plaintiffs emphasize that they are primarily challenging defendant's failure to provide adequate warnings regarding the hazardous nature of the product. The allegedly defective warnings were, for the most part, promulgated by defendant. Thus, it is argued, the evidence and witnesses necessary to establish this theory of liability are located in Illinois.

The doctrine of *forum non conveniens* presupposes the existence of at least two forums in which the defendant is amenable to jurisdiction. (*People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052; *Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599.) There is no reason to believe that plaintiffs could not litigate these actions in England,

where they reside. Further, defendant has agreed to submit to the jurisdiction of the United Kingdom and to comply with any discovery orders of those courts. The inquiry therefore concerns the relative convenience of the available forums. As stated in *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514:

> "*Forum non conveniens* is a doctrine that is founded in considerations of fundamental fairness and sensible and effective judicial administration. In the application of these basic considerations a court may decline jurisdiction of a case 'even though it may have proper jurisdiction over all parties and the subject matter involved' (*Whitney v. Madden* (1948), 400 Ill. 185, 189, *cert. denied*, 335 U.S. 828, 93 L. Ed. 382, 69 S. Ct. 55), whenever it appears that there is another forum that can better 'serve the convenience of the parties and the ends of justice.' (*Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599, 606.)"

The factors to consider in determining a *forum non conveniens* motion were set forth at length in *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843:

> "An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the

plaintiff's choice of forum should rarely be disturbed.

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

(See also *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 118-19; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 110-11, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052.) In order to retain flexibility, no one factor should be accorded central emphasis. *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 249-50, 70 L. Ed. 2d 419, 431-32, 102 S. Ct. 252, 262.

The trial court, after balancing these factors, determined that Illinois was a *forum non conveniens*. This court has consistently indicated that "[w]hether particular facts and circumstances warrant dismissal of a case on the ground of *forum non conveniens* rests primarily within the discretion of the trial court. The court's decision will be reversed on review if it can be said that in deciding as it did there was an abuse of discretion." *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 110, citing *Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill. 2d 1, 4; *Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599, 606; *Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144, 159; *Whitney v.*

*Madden* (1948), 400 Ill. 185, 190; see also *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 257, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266; Restatement (Second) of Conflict of Laws sec. 84*b* (1971).

We turn, then, to a consideration of whether the trial court abused its discretion in balancing the relevant factors. As previously noted, all of the plaintiffs are residents of the United Kingdom. The contraceptives which allegedly caused the injuries were manufactured, marketed, sold, prescribed and used in the United Kingdom. Consequently, most of the evidence pertaining to the issues of causation and damages is located there. Further, the majority of witnesses, such as plaintiffs' treating physicians, reside in the United Kingdom. As noted by the trial judge:

> "Searle, \*\*\* in order to adequately defend the action, must seek knowledge of each Plaintiff's pre-existing medical condition, the knowledge of each treating or prescribing physician concerning the drug and concerning the particular Plaintiff, the nature of the injury allegedly incurred, the nature of the medical treatment given, and the nature of the damages allegedly sustained.
>
> The sources of proof concerning all these issues are exclusively within the confines of the United Kingdom."

There is no compulsory process to secure the attendance of unwilling witnesses. Although defendant could depose these witnesses, depositions have been deemed an inadequate substitute for live testimony. (*Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 511, 91 L. Ed. 1055, 1064, 67 S. Ct. 839, 844; *Mergenthaler Linotype Co. v. Leonard Storch Enterprises, Inc.* (1978), 66 Ill. App. 3d 789, 802.) Also, the cost of transporting to Illinois those witnesses who agree to testify is substantial. It is doubtful that plaintiffs, residents of the United Kingdom, will have the same difficulty in securing the attendance of witnesses. The individuals in Illinois who would be called upon to testify are employees of the defendant.

Further, it is apparent that, if the causes were tried in

Illinois, the judge would be required to apply the law of the United Kingdom. That country has the most significant contacts with this litigation. (See *Ingersoll v. Klein* (1970), 46 Ill. 2d 42; see also *Harrison v. Wyeth Laboratories Division of American Home Products Corp.* (E.D. Penn. 1980), 510 F. Supp. 1, *aff'd* (3d Cir. 1982), 676 F.2d 685 (finding United Kingdom law applicable under virtually identical circumstances).) The need to apply foreign law has frequently been deemed an important factor favoring dismissal of the suit. See, *e.g., Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 70 L. Ed. 2d 419, 102 S. Ct. 252; *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839; *Calavo Growers of California v. Belgium* (2d Cir. 1980), 632 F.2d 963, *cert. denied* (1981), 449 U.S. 1084, 66 L. Ed. 2d 809, 101 S. Ct. 871; see *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052.

In terms of public interest factors, this court has previously taken notice of the congested dockets of the circuit court of Cook County. (74 Ill. 2d 90, 112; see *Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill. 2d 1, 6.) Also, members of the community would be required to perform jury services for a cause in which Illinois' interest is minimal. The warnings herein challenged are those which are issued in the United Kingdom. Although we do not feel that these factors are among the most significant, nevertheless they weigh, to some extent, in defendant's favor.

Finally, the record reveals that defendant did not have unfettered control over the warnings issued by Limited. Limited was permitted to delete indications (purposes for which the product may be used) and add contra-indications (medical risks associated with use of the product). One purpose for this policy was to allow Limited to conform to the rules of local regulatory authorities. Conceivably, then, a court in Illinois could determine that defendant's warnings

were inadequate although they conformed to the law of the country in which the drugs were marketed. As noted by at least one court, " [I]t is manifestly unfair to the defendant, as well as an inappropriate usurpation of a foreign court's proper authority to decide a matter of local interest, for a court in this country to set a higher standard of care than is required by the government of the country in which the product is sold and used." (*Harrison v. Wyeth Laboratories Division of American Home Products Corp.* (E.D. Penn. 1980), 510 F. Supp. 1, 5, *aff'd* (3d Cir. 1982), 676 F.2d 685.[1])

The appellate court apparently determined that trial in the United Kingdom would be more convenient. However, it concluded that this action should not be dismissed because there is a "relevant connection" between Illinois and the litigation. In so holding, the appellate court primarily relied on the facts that defendant is a resident in Illinois having its principal place of business here, and that "the alleged commission of the tort" occurred in this State.

We recognize that certain appellate court cases have deemed dispositive the fact that there was or was not a connection between the litigation and the chosen forum. (*E.g., American Home Assurance Co. v. Northwest Industries, Inc.* (1977), 50 Ill. App. 3d 807, 813; see *Sears, Roebuck & Co. v. Continental Insurance Co.* (1972), 9 Ill. App. 3d 287, 290. But *cf. Grant v. Starck* (1981), 96 Ill. App. 3d 297, 305 (wherein the court considered other factors after finding a relevant connection); *Stone Container Corp. v. Industrial Risk Insurers* (1980), 91 Ill. App. 3d 807, 812 (same principle).) This court has dismissed actions in which Illinois had virtually no relationship to the parties or the

---

[1]The Attorney General and a number of Illinois corporations have filed *amicus curiae* briefs with this court, asserting that the appellate court opinion will cause businesses to be hesitant to incorporate in this State if they are required to defend "foreign suits." Further they contend that Illinois corporations may refrain from providing their overseas subsidiaries with any warnings relating to the particular product. However, we do not take these points into consideration in reaching a decision on the merits.

litigation. (*E.g.*, *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052.) However, this does not necessarily mean that any time such a relationship exists, the chosen forum is appropriate. To so hold would certainly cast doubt upon the continued vitality of the *forum non conveniens* doctrine. This is not the test. If so, any time there is a "relevant connection" between the forum and the litigation, defendant would be subject to suit in that forum regardless of the inconvenience. This result is contrary to the purpose of the doctrine, which is to avoid litigation in an unduly inconvenient forum. See *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514.

We note parenthetically that it is not at all clear that the tort was committed in Illinois. Even assuming that Searle issued defective warnings in this State, "[i]t is well established *** that in law the place of a wrong is where the last event takes place which is necessary to render the actor liable." (*Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 435.) In this case, there is no tort until there is an injury, and any alleged injuries occurred in the United Kingdom.

It should not be inferred from our discussion that the place of defendant's residence, or the situs of the tort, are of no significance. They may properly be considered, along with other connections which exist between the litigation and chosen forum. However, all other factors relevant to a *forum non conveniens* motion must also be balanced in determining whether to dismiss an action.

It is unclear exactly how the appellate court weighed the relevant factors, except to indicate that an "unequal" balancing test is to be applied. "Unless the balance of [the] factors is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (100 Ill. App. 3d 165, 168, citing *People ex rel. Compagnie Nationale Air*

*France v. Giliberto* (1978), 74 Ill. 2d 90, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052.) However, there are numerous cases which properly accord less deference to a foreign plaintiff's choice of forum. (*E.g., Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 70 L. Ed. 2d 419, 102 S. Ct. 252, and cases cited therein; see *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 121 (plaintiff's nonresidence is a factor favoring dismissal).) Further, the trial court found that the factors enunciated in *Gulf Oil* do substantially favor defendant.

It is conceivable that, on these facts, a different result could have been reached. However, the question is not whether a reviewing court would have weighed the factors differently or would have resolved the issue as did the trial court. As previously noted, the only concern on review is whether the trial court's decision constituted an abuse of discretion. Here, the record indicates that the trial court carefully balanced the relevant factors. Under these circumstances, we are not prepared to conclude that there was an abuse of discretion. See *Harrison v. Wyeth Laboratories Division of American Home Products Corp.* (E.D. Penn. 1980), 510 F. Supp. 1, *aff'd* (3d Cir. 1982), 676 F.2d 685 (dismissal for *forum non conveniens* under virtually identical facts); *Holmes v. Syntex Laboratories, Inc.* (Cal. Super. Ct. July 15, 1982), Docket Nos. 425268, 430351 (same).

Accordingly, the judgment of the appellate court is reversed. The judgment of the circuit court of Cook County is affirmed, and the cause is remanded to the circuit court with directions to dismiss the action.

*Appellate court reversed;*
*circuit court affirmed;*
*cause remanded, with*
*directions.*

JUSTICE GOLDENHERSH, dissenting:

I dissent and would affirm the judgment of the appel-

late court. Missing in this case, and apparently in several of the authorities upon which the majority relies, is an element essential to the application of the doctrine of *forum non conveniens*. In *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 506-07, 91 L. Ed. 1055, 1061, 67 S. Ct. 839, 842, the court said:

> "In all cases in which the doctrine of *forum non conveniens* comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them."

There is nothing before us to show that defendant is amenable to process in the United Kingdom. Obviously, the willingness to accept process is not the equivalent of a defendant's being amenable to process. Defendant's consent to accept process and submit to the jurisdiction of the courts of Great Britain is not an adequate basis for the allowance of a motion to dismiss on the ground of *forum non conveniens*. It in effect permits a defendant to select the forum in which it wishes to have its cause tried and then become "amenable to process" by consenting to submit to the jurisdiction of its courts.

Defendant and the majority rely on *Harrison v. Wyeth Laboratories Division of American Home Products Corp.* (E.D. Penn. 1980), 510 F. Supp. 1. The order entered in that case upon allowance of the motion to dismiss demonstrates the inadequacy of the forum to which the plaintiffs are relegated. The order of dismissal is conditioned upon the defendant's consenting "to suit and acceptance of process in the United Kingdom ***." Defendant also agrees "to make available at its own expense any documents or witnesses within its control that are needed for fair adjudication of any action brought in the United Kingdom by the plaintiffs on their claims." This order hardly presupposes the existence of a forum in which the defendant is amenable to process and demonstrates that available discovery is inadequate in litigation of this type.

I would note further that there is nothing before us to

show that the courts in Great Britain will necessarily assume and retain jurisdiction in a cause of action where the defendant is not amenable to, but must consent to, its jurisdiction. On this record the presupposition that there are at least two forums in which the defendant is amenable to process is wholly without support.

Assuming, *arguendo*, that the necessary elements are present, the record fails to support the circuit court's conclusion that the circuit court of Cook County is an inconvenient forum. This action presents issues of the adequacy of the warnings given physicians and patients, and it is apparent from the record that defendant's decisions controlling those matters are made in Cook County and not in Great Britain. The product is manufactured and marketed in Great Britain by a wholly owned subsidiary of defendant with only limited authority to modify the instructions and warnings.

Finally, it should be noted that the decisions upon which the majority relies are decisions of United States district courts, reached without the guidance of definitive decisions of the appellate courts of the States whose law they purport to apply. Unlike those jurisdictions, this court has held that the doctrine of *forum non conveniens* may be applicable when an appropriate forum other than the courts of this State is available and when the relief sought here is by a nonresident against a nonresident. *Whitney v. Madden* (1948), 400 Ill. 185.

We have before us a defendant sued "in its own backyard" in the county in which it maintains its principal offices and in which most of its decisions are made. To permit the type of forum shopping shown by this record will require these plaintiffs to try their cases in a jurisdiction that denies them a jury trial and affords them admittedly inadequate discovery. For those reasons I dissent.

JUSTICE SIMON joins in this dissent.