JOHN ELLIS, JR., Plaintiff-Appellee, v. OUTBOARD MARINE CORPORA-
TION, Defendant-Appellant.

First District (2nd Division)   No. 84—190

Opinion filed April 2, 1985.

Phelan, Pope & John, Ltd., of Chicago (Peter C. John and Mitchell H. Frazen, of counsel), for appellant.

Corboy & Demetrio, P.C., of Chicago (Philip H. Corboy, Robert A. Clifford, and David A. Novoselsky, of counsel), for appellee.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from an action to recover damages for personal injuries allegedly caused by a defect in a product manufactured by defendant. Defendant filed a motion to dismiss based upon the doctrine of *forum non conveniens*. The trial court denied the motion, and this court granted defendant's petition for leave to appeal pursuant to Supreme Court Rule 306 (94 Ill. 2d R. 306).

Plaintiff John Ellis, Jr., filed his complaint in the circuit court of Cook County, Illinois, on October 1, 1982, seeking recovery for injuries allegedly suffered while he was operating a Haulster Cart manufactured by defendant Outboard Marine Corporation, a Delaware corporation whose principal place of business is in Lake County, Illinois. The injuries are alleged to have been sustained in the course of plaintiff's duties as a refuse collector for the city of Shaker Heights, Ohio. Defendant entered a special and limited appearance on November 3, 1982, and filed a motion to dismiss based upon the doctrine of *forum non conveniens*, a memorandum in support thereof and a supporting affidavit. The affidavit, made by one of defendant's attorneys, relates solely to the State of residence of plaintiff and contains allegations tending to establish Ohio as plaintiff's State of residence.

Plaintiff, in his response to defendant's memorandum, argued that Ohio was not available as an alternative forum because plaintiff would be barred from filing suit in Ohio under the applicable statute of limitations and because defendant was not amenable to service of process in Ohio. In response, defendant filed the affidavit of its attorney of record, consenting to service of process in Ohio. This affidavit also contained allegations as to factors weighing upon the convenience of bringing the action in Ohio as opposed to Cook County. No opposing affidavit was filed by plaintiff.

The circuit court denied defendant's motion to dismiss, and defendant appeals.

Before considering defendant's contention on appeal that the trial court abused its discretion in denying its motion to dismiss, we address plaintiff's assertion, made in reliance upon the decision of our supreme court in *Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144, 152 N.E.2d 385, that defendant's motion to dismiss on the basis of *forum non conveniens* was inadequate because it failed to name the potential witnesses to be called and to specify the type of testimony anticipated. The specificity standard of *Cotton* has been discussed in several recent decisions (*Piper Aircraft*

*Co. v. Reyno* (1981), 454 U.S. 235, 258-59, 70 L. Ed. 2d 419, 437-38, 102 S. Ct. 252, 267-68; *Haring v. Chicago & North Western Transportation Co.* (1984), 103 Ill. 2d 530, 532-33, 470 N.E.2d 288; *Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 89, 463 N.E.2d 792; *Peterson v. Chicago & North Western Transportation Co.* (1983), 117 Ill. App. 3d 163, 165, 453 N.E.2d 27), which indicate that defendants seeking dismissal on the basis of *forum non conveniens* need provide only enough information to enable the trial court to balance the parties' interests. See *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 258, 70 L. Ed. 2d 419, 437, 102 S. Ct. 252, 267.

▮ While defendant's motion in the instant case is no model of clarity, we believe, given the absolute lack of evidence in the available facts indicating the existence of contacts with Cook County, Illinois, that the motion is sufficient under *Piper Aircraft* and the Illinois decisions cited above. Plaintiff's complaint in the instant case does not allege the existence of any connections with Cook County, Illinois. We therefore find that defendant's motion provided enough information to enable the trial court to balance the parties' interests. We note that, had the lack of connections between this litigation and Illinois been any less obvious, defendant's motion would clearly have been inadequate under *Cotton.*

Defendant contends on appeal that the trial court abused its discretion in denying defendant's motion to dismiss. The standard of review in *forum non conveniens* cases was enunciated by this court in *Torrijas v. Midwest Steel Erection Co.* (1984), 130 Ill. App. 3d 788, 791-92:

> "The trial court has broad discretion in deciding whether a case should be dismissed based upon *forum non conveniens.* [Citation.] On review, the only consideration is whether the trial court's decision constituted an abuse of discretion and not whether the reviewing court would have resolved the issue in the same manner as the trial court. [Citation.]
>
> The doctrine of *forum non conveniens* assumes the existence of at least two forums in which the controversy may be litigated. [Citations.] The application of this doctrine, therefore, focuses on the relative convenience of the available forums. [Citations.]"

▮ Plaintiff contends that Ohio has not been established as an available alternative forum for this litigation. However, defendant has consented to service of process in Ohio, and in *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 372, 444 N.E.2d 157, our su-

preme court found such consent sufficient to satisfy the requirement of the availability of an alternative forum. *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 506-07, 91 L. Ed. 1055, 1061-62, 67 S. Ct. 839, 842.

In *Gulf Oil*, the United States Supreme Court set out the relevant interests, both public and private, which must be balanced in determining the most convenient forum. The private interests include the ease of access to sources of proof, the availability of compulsory process to secure the attendance of willing witnesses, the possibility of viewing the site of the occurrence, and the convenience of the parties. Public interests requiring consideration are the imposition of jury service on the residents of the community, the congestion of the court dockets, the need to apply the law of a foreign jurisdiction, and the interest in having local controversies decided at home. *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843; see *DeVries v. Bankers Life Co.* (1984), 128 Ill. App. 3d 647, 652-54, 471 N.E.2d 230.

Defendant contends that all of the relevant contacts with this litigation are located in Ohio. Defendant argues that Ohio is the site of the occurrence, the residence of the occurrence witnesses, the residence of the plaintiff, and the location of physical evidence such as medical records and materials related to the occurrence. Plaintiff argues that his choice of forum should not be disturbed and that defendant's principal place of business is in Illinois.

■ Although our supreme court has stated that plaintiff's choice of forum is an important consideration (*Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 119, 427 N.E.2d 111), when the plaintiff is foreign to the chosen forum, plaintiff's choice is accorded less deference. (See *Weiser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 367, 456 N.E.2d 98; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 378, 444 N.E.2d 157.) Here, plaintiff is not an Illinois resident. Therefore, we attach little significance to plaintiff's decision to sue in Cook County, Illinois. In addition, although defendant's principal place of business is in Illinois, it is located outside Cook County.

The location of witnesses and the ease of access to sources of proof are important private interest factors to be considered. In the instant case, all prospective witnesses apparently reside in Ohio. Likewise, all records and physical evidence relating to the occurrence are located in Ohio.

The feasibility of a jury view of the site of the occurrence must also be considered. In the instant case, a jury view of the site could

conceivably be required, and could be more easily accomplished if the action were tried in Ohio. We therefore find that the private interest factors weigh in defendant's favor.

The condition of the dockets of the forum court, the burden of jury duty on members of the community, the interest in having local controversies decided at home, and the need to apply the law of a foreign jurisdiction are public interests requiring review. (*Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843.) The crowded condition of the dockets of the circuit court of Cook County has been recognized by our supreme court. (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 375, 444 N.E.2d 157.) In addition, Ohio law will be applied in the instant action. The need to apply the law of a foreign jurisdiction is a significant factor favoring dismissal on the basis of *forum non conveniens*. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 80, 457 N.E.2d 417.) We find that the public interest factors weigh in defendant's favor.

■ Because all the relevant factors to be considered when reviewing a motion to dismiss based upon the doctrine of *forum non conveniens* favor the defendant, we find that the trial court abused its discretion in denying defendant's motion to dismiss. The decision of the circuit court is therefore reversed, and the cause is remanded for further proceedings consistent with this opinion.

Because the time limitation involved in this case may have run, this disposition is conditioned on defendant's waiver of the statute of limitations, or similar defense, when the cause is transferred to another forum. (*Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 385, 466 N.E.2d 198.) If defendant refuses to waive the limitations defense, then plaintiff shall be given leave to reinstate his cause in the circuit court of Cook County.

Reversed and remanded.

HARTMAN and BILANDIC, JJ., concur.