GERALD L. HANKE, Plaintiff-Appellant, v. UNION PACIFIC RAILROAD COMPANY, Defendant-Appellee.

First District (3rd Division)   No. 1—90—0287

Opinion filed September 25, 1991.

Henslee, Monek & Henslee, of Chicago (John J. Naughton and Daniel J. Downes, of counsel), for appellant.

Ross & Hardies, of Chicago (Robert L. Landess, Raymond H. Groble III, and Charles T. Newland, of counsel), for appellee.

JUSTICE WHITE* delivered the opinion of the court:

Plaintiff, Gerald Hanke, appeals from the trial court's order dismissing his breach of contract action on the ground of *forum non conveniens*. Plaintiff argues that the trial court abused its discretion in finding that dismissal was required under the *forum non conveniens* doctrine and in finding that his contract action was connected with a Federal Employers' Liability Act (FELA) claim filed in the United States District Court for the Southern District of Iowa.

Plaintiff, a resident of Council Bluffs, Iowa, was injured in the course of his employment with defendant, the Union Pacific Railroad Company, a Utah corporation with its principal place of business in Omaha, Nebraska. In July 1989 plaintiff filed suit against defendant

---

*This opinion was authored prior to Justice White's retirement.

in the circuit court of Cook County alleging that defendant offered to pay for plaintiff's vocational rehabilitation and for his reasonable living expenses during rehabilitation. Plaintiff further alleged that after he accepted this offer and submitted an estimate of expenses of $2,445 for training and rehabilitation and $1,500 per month for living expenses, defendant reneged on its offer and refused to make any payments.

After filing its appearance and jury demand, defendant filed a motion to dismiss plaintiff's complaint pursuant to sections 2—606 and 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, pars. 2—606, 2—615) on the ground that plaintiff had failed to attach a copy of the alleged contract to the complaint. In response, plaintiff filed an amended complaint which was accompanied by letters written by Daniel Downes, plaintiff's counsel, and Raymond Hasiak, defendant's in-house counsel. According to plaintiff, these letters established that a contract existed between plaintiff and defendant.

The first letter was dated March 23, 1989, and was sent to Downes in Chicago from Hasiak in Nebraska. In it, Hasiak wrote that defendant was willing to make "work hardening" available to plaintiff at no expense and that defendant was willing to pay reasonable living expenses for plaintiff while he was active in such a program.

In the second letter, dated April 5, 1989, and sent from Downes in Chicago to Hasiak in Nebraska, Downes wrote that plaintiff's vocational status had been established and that plaintiff was actively engaged in educational activities. The letter further stated that defendant's offer to pay the reasonable expenses of having plaintiff's vocational status established was accepted and that defendant's offer to pay for vocational rehabilitation and living expenses also was accepted. The letter also contained the information that plaintiff's total training costs would be $2,445 and that his living expenses amounted to $1,500 per month.

After the filing of plaintiff's amended complaint, defendant filed a motion for judgment on the pleadings, arguing that the letter from Hasiak to Downes was not an offer but a statement of its position and that Downes' letter to Hasiak could not be considered an acceptance because it did not accept the terms of the alleged offer.

Defendant also filed a motion to dismiss for *forum non conveniens*. In this motion, defendant pointed out that plaintiff had filed a FELA action against defendant in the United States District Court for the Southern District of Iowa. Defendant claimed that the subject matter of the alleged contract in plaintiff's Illinois action was the payment of fees for the rehabilitation, vocational training, and living ex-

penses allegedly incurred by plaintiff in attempting to mitigate his damages in the FELA action. Defendant alleged that plaintiff could procure a fair trial in the State courts of Iowa or consolidate this action with his Federal court action.

As further support for dismissal, defendant alleged that there was no connection between plaintiff's choice of forum and the cause of action or the residence of the parties. Defendant also noted that plaintiff was an Iowa resident at the time of his injury and that plaintiff's treating doctors and the people involved in plaintiff's rehabilitation and vocational training all resided in Iowa or Nebraska.

Defendant also alleged that trial in Illinois would impose a burden on the Cook County court system, that Illinois courts had no subpoena power over witnesses from Iowa and Nebraska, and that defendant would incur substantial expense in bringing witnesses and employees to Illinois.

Defendant's motion for judgment on the pleadings was denied without prejudice. One month later the trial court granted defendant's motion to dismiss on the ground of *forum non conveniens*. In entering its order, the trial court stated that it was dismissing the action for the reasons stated by defendant in its motion. The court also stated that the Illinois case was inextricably intertwined with the FELA action pending in Iowa and that it had difficulty finding that there had been the meeting of minds necessary to enter into a contract.

In this appeal, plaintiff contends that the trial court's dismissal of his action was improper. As support for this contention, plaintiff argues that the only ground articulated by the trial court as a basis for dismissing the action, the inextricable connection with the Iowa action, is not an element of *forum non conveniens*. Plaintiff further argues that the dismissal was improper because the *forum non conveniens* factors "preponderate" in his favor. We do not agree.

■ We first point out that plaintiff's argument completely disregards the trial court's statement that it was dismissing the action for the reasons stated by defendant in its motion. In light of this statement, there is no merit to plaintiff's claim that the sole basis articulated for dismissal was the connection with the Iowa action.

■ Turning to plaintiff's argument that the *forum non conveniens* factors predominate in his favor, we note that a decision to dismiss on this basis lies within the discretion of the trial court and should be reversed only where there is an abuse of that discretion. (*Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599, 229 N.E.2d 536.) We also note that while a plaintiff's choice of forum is afforded great deference, that choice is entitled to less consideration

when the plaintiff's home forum is not the one chosen. *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 456 N.E.2d 98.

■■ Factors to be considered in disposing of a motion to dismiss on the ground of *forum non conveniens* include the capacities of the two courts to provide a fair trial, the relative inconvenience to the parties, and the burden placed upon the taxpayers and residents of the jurisdiction to which the cause of action is transferred. (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 301 N.E.2d 729.) Also considered are ease of access to sources of proof, court congestion, availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining willing witnesses. *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 444 N.E.2d 157; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 427 N.E.2d 111.

■■ In the present case, plaintiff was a resident of Iowa and defendant's principal place of business was in Nebraska. Thus, plaintiff's choice of Illinois as a forum for this action is entitled to less deference than usually given to a plaintiff's choice of forum. Further, as defendant argues, all of the people involved in plaintiff's rehabilitation, potential witnesses on the issue of the reasonableness of plaintiff's expenses, reside outside of Illinois and would not be subject to compulsory process here. Finally, we point out that the congestion of the Cook County circuit court dockets was noted by the supreme court in *Jones v. Searle* (93 Ill. 2d at 375) and that here, as in that case, trial in Illinois would require members of this community to perform jury services for a cause in which the State's interest is minimal. Accordingly, we find no error in the trial court's dismissal of plaintiff's action on the basis of *forum non conveniens.*

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CERDA, P.J., and GREIMAN, J., concur.