OHANNES KOURDOGLANIAN, Plaintiff-Appellee, v. PANAGIOTIS YAN-NOULIS, Defendant-Appellant.

First District (6th Division)   No. 1—90—1701

Opinion filed March 27, 1992.

Aris F. Yanibas, of Chicago, for appellant.

Joel S. Miller & Associates, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Pursuant to Supreme Court Rule 306 (134 Ill. 2d R. 306), we granted leave to defendant Panagiotis Yannoulis to appeal from an order of the circuit court of Cook County denying his motion to dismiss based upon *forum non conveniens*. 134 Ill. 2d R. 187.

In January 1990, plaintiff Ohannes Kourdoglanian, a resident of Athens, Greece, and defendant, a resident of Zurich, Switzerland, orally agreed to share exhibition space at the International Gallery (Art Fair) to be held in Chicago from May 10, 1990, through May 13, 1990, and to share the booth rental cost, which defendant represented was $30,000. According to plaintiff's complaint, the parties entered this agreement in Europe and plaintiff tendered payment of $15,000 to defendant in Europe before the parties travelled to the United States for the Art Fair. Both parties returned to Europe after the Art Fair ended. On May 10, 1990, during the Art Fair, plaintiff filed this action in the chancery division of the circuit court of Cook County. Plaintiff's affidavit alleged that upon arriving at the Art Fair, he learned that defendant had misrepresented the booth rental fee. It further stated that when plaintiff demanded reimbursement, defendant threatened to injure him and destroy his property. Plaintiff's amended verified complaint contained three counts: count I sought injunctive relief to enjoin defendant from preventing plaintiff from occupying the exhibition space and from injuring or threatening plaintiff; count II alleged that defendant fraudulently misrepresented to

plaintiff the cost of the booth and sought $7,500 in actual damages; and count III sought prejudgment attachment of defendant's art work located in Cook County pursuant to section 4—101 of the Code of Civil Procedure. Ill. Rev. Stat. 1989, ch. 110, par. 4—101.

By agreed orders entered in May 1990, the chancery judge granted plaintiff's request for injunctive relief and for attachment of defendant's goods in Cook County. By order dated May 17, 1990, the chancery court granted defendant's motion to remove his goods from Illinois, ordering defendant to transfer $15,000 to a special escrow account until further court order or the parties' mutual consent. The order transferred the case to the law division for further proceedings.

On June 6, 1990, defendant filed a motion to dismiss this case based upon *forum non conveniens*. Plaintiff responded that Cook County was the appropriate forum on the following grounds: the contract between defendant and the Art Fair was entered in Illinois; plaintiff did not learn until he arrived here that he would be unable to exhibit his goods, and thus earn a profit from sales; and access to "the scene of the occurrence" and the availability of witnesses, including Art Fair representatives. The circuit court denied defendant's motion and we granted leave to appeal.

The sole issue for our review is whether the trial court erred in denying defendant's *forum non conveniens* motion. Initially, we note that the agreed orders disposed of plaintiff's claims for various injunctive relief concerning the parties' conduct during the four-day event in Chicago. We, therefore, need only focus on plaintiff's cause of action for fraud and his related prejudgment attachment claim.

According to the equitable doctrine of *forum non conveniens*, a court which has jurisdiction over a case may nevertheless decline jurisdiction when it is apparent that trial in another forum would be more convenient and would better serve the ends of justice. (*Vinson v. Allstate* (1991), 144 Ill. 2d 306, 579 N.E.2d 857.) This doctrine is applicable on an interstate basis and a case may be dismissed where it "has no practical connection to the forum." *Torres v. Walsh* (1983), 98 Ill. 2d 338, 348, 456 N.E.2d 601, 606.

In deciding whether to dismiss a case under this doctrine, the private interests affecting the litigants' convenience and the public interests affecting the administration of the courts must be balanced by the courts. (*Vinson v. Allstate*, 144 Ill. 2d 306, 579 N.E.2d 857.) We consider the test enunciated in *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839, which directs us to first consider the following private interests:

"[T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil,* 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843.

Our review of this case reveals that the private interests do not favor Cook County. Both plaintiff and defendant are European residents, of Greece and Switzerland, respectively. The cost and inconvenience of bringing the parties to Illinois to litigate this claim must be considered paramount. Moreover, although plaintiff alleges that the representatives of the Art Fair who reside in Illinois are potential witnesses to defendant's misrepresentation and the subsequent damage, we fail to see how their testimony is required for proof of plaintiff's case. The elements of fraudulent misrepresentation include the following: false statement of material fact known to be false by person making it; intent to induce other party to act; action by other party in justifiable reliance on truth of statements; and damage to other party resulting from such reliance. (*Gerill Corp. v. Jack L. Hargrove Builders, Inc.* (1989), 128 Ill. 2d 179, 538 N.E.2d 530.) Indeed, any negotiations between the parties occurred in Europe, and any misrepresentations by defendant concerning the actual rental cost of the booth occurred in Europe. Moreover, plaintiff allegedly acted in reliance on defendant's false statement by tendering payment while in Europe. Certainly, the Art Fair representatives were not witnesses to any negotiations or the oral agreement between the parties. Under these facts, we fail to see the need for testimony of Art Fair representatives. Nor do we find it significant, as plaintiff claims, that the underlying contract between defendant and the Art Fair was entered in Chicago. Although plaintiff's fraud action may require proof of the terms of the contract between defendant and the Art Fair, nothing in the record suggests that this contract or any related documents cannot be viewed in Europe. Moreover, contrary to plaintiff's statement, access to the "scene of the occurrence" is irrelevant. As indicated above, the tortious conduct occurred in Europe, and access to the scene of the Art Fair is, therefore, of no consequence. Given the nature of plaintiff's claim, the sources of proof would likely consist of the parties' testimony and several documents. Therefore, there is no need for any on-site inspection of premises. *Nemanich v. Dollar Rent-A-Car Services, Inc.* (1980), 90 Ill. App. 3d 484, 413 N.E.2d 178.

We also reject plaintiff's claim that his choice of Illinois as a forum should be given paramount consideration because the financial injury occurred in Illinois, and his reliance on *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 490 N.E.2d 694, and *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 444 N.E.2d 157, for this proposition.

In *Brummett*, plaintiff, a Tennessee resident, filed an action against her employer, a Tennessee corporation with no place of business in Illinois, for injuries sustained while working aboard defendant's vessel while in Illinois. All records concerning the vessel, plaintiff's employment, medical treatment and expenses incurred in treating her injury were located in Tennessee. Potential witnesses, including physicians who treated plaintiff and eight of the nine crew members, were residents of Tennessee. Our supreme court upheld the trial court's refusal to dismiss defendant's motion to transfer based upon *forum non conveniens*. In so deciding, the court focused upon the situs of plaintiff's injury, stating:

> "The factual connection to the forum is as great, perhaps greater, when the plaintiff chooses the forum where an accident occurred as when he chooses his place of residence. Moreover, Illinois has an interest in protecting persons and property within the State from unsafe practices and conditions; the State should therefore provide a forum in which persons, no matter where they reside, can seek compensation for injuries suffered in Illinois. *** The fact that the injury was suffered in Madison County gives the plaintiff's claim the aspect, as the court put it in *Gulf Oil*, of a localized controversy with a local interest in having the controversy 'decided at home.'" *Brummett*, 111 Ill. 2d at 499-500, 490 N.E.2d at 697.

In *Jones v. Searle Laboratories*, residents of the United Kingdom filed personal injury actions in Cook County against defendant, a corporation with its principal place of business in Illinois. Plaintiffs alleged that the defendants improperly developed certain oral contraceptives and failed to provide adequate warnings of their potential side effects. Our supreme court reinstated the trial court's dismissal order, finding that no tort arose until there was an injury, and such injury occurred in the United Kingdom.

Unlike *Brummett*, plaintiff's alleged injury in this case is not directly tied to the forum. We do not agree with plaintiff that the injury occurred in Illinois. The gist of plaintiff's claim is defendant's alleged misrepresentation of the rental fee for the exhibition space and plaintiff's subsequent financial injury. It is uncontroverted that the parties

entered their oral agreement in Europe and that plaintiff tendered the money to defendant in Europe. Any negotiations between the parties, and therefore, any misrepresentations occurred in Europe. Moreover, we are unpersuaded by plaintiff's contention that the injury occurred when he discovered the fraud after arriving in Illinois. Illinois has no interest in protecting persons from fraudulent misrepresentation which occurs outside of its borders, particularly when neither party is a resident of Illinois, or even the United States.

Although, as noted above, the resolution of a *forum non conveniens* motion lies in the trial court's sound discretion, our supreme court has consistently favored rulings granting dismissals based upon *forum non conveniens* where the cause of action occurred outside the State and no individual plaintiff was an Illinois resident. (*Vinson v. Allstate*, 144 Ill. 2d 306, 579 N.E.2d 857; *Jones v. Searle Laboratories*, 93 Ill. 2d 366, 444 N.E.2d 157; *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 478 N.E.2d 370; *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 466 N.E.2d 198; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 456 N.E.2d 98; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 427 N.E.2d 111; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 383 N.E.2d 977.) These cases are persuasive authority here, where the conduct constituting the cause of action occurred abroad and neither party is a resident of Illinois, or even a United States citizen.

In addition to the private considerations, public concerns also point to the desirability of a trial in Europe. The public interest factors enunciated in *Gulf Oil* include: administrative difficulties caused by litigation in congested centers; the imposition of jury duty on citizens of a forum unrelated to the litigation; local interest in local controversies; and the difficulties caused when a court must "untangle problems in conflicts of laws, and in law foreign to itself." *Gulf Oil*, 330 U.S. at 508-09, 91 L. Ed. at 1062-63, 67 S. Ct. at 843.

■ The docket of the circuit court of Cook County is sufficiently crowded to the point where congestion is of great concern, a factor we must consider before burdening Illinois courts with additional nonresident litigation. (*Jones v. Searle Laboratories*, 93 Ill. 2d 366, 444 N.E.2d 157; *Wieser v. Missouri Pacific R.R. Co.*, 98 Ill. 2d 359, 456 N.E.2d 98.) Moreover, a trial is an expense to the public, and our taxpayers should not be required to pay for litigation which is unrelated to Illinois, nor should our citizens be burdened by sitting on juries in these cases. (*Satkowiak v. Chesapeake & Ohio Ry. Co*, 106 Ill. 2d 224, 478 N.E.2d 370.) This is simply not a "local controversy," but rather

is one which is primarily of interest to European citizens. Finally, litigation of this case in Illinois would require our courts to apply foreign law. Illinois courts apply the "most significant contacts" choice of law test, which presumes that the law of the State where the injury occurred applies in an action for misrepresentation. (*First National Bank v. Heuer* (N.D. Ill. 1988), 702 F. Supp. 173.) Moreover, the place in which defendant allegedly made the misrepresentation is a significant fact. (*First National Bank v. Heuer,* 702 F. Supp. 173.) For all these reasons, the public concern factors also disfavor an Illinois forum.

For the foregoing reasons, the balance of relevant factors in this case is clearly in defendant's favor, and the trial court abused its discretion in denying the *forum non conveniens* motion.

The judgment of the circuit court of Cook County is reversed, and the cause is remanded to the trial court with directions to grant defendant's motion to dismiss the complaint, on the conditions that defendant will accept service of process and will waive any statute of limitations defense if plaintiff files this action in an appropriate forum within one year of the date of dismissal. We also direct the circuit court to order the release of the $15,000 held in escrow to defendant.

Reversed and remanded with directions.

EGAN, P.J., and RAKOWSKI, J., concur.